RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA 2005 OCT 28 P 3: 50
NORTHERN DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| DORA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: CV 2:05cv1040-T |
| | ) |
| ALBANY INTERNATIONAL, | ) JURY DEMAND |
| JEFF JOHNSTON, | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, Dora Davis (hereinafter Davis), by and through her attorneys, Trina S. Williams and Vicky U. Toles, and makes this Complaint as follows:

### INTRODUCTION

1. This is an action brought by the Plaintiff against the defendant for being treated differently than others similarly situated, denial of retirement and disability benefits, and denial of leave. It seeks to recover damages, secure equitable and other relief, and to redress the deprivation of rights and privileges of a citizen of the United States.

I.

### JURISDICITON AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States and the action seeks to redress the deprivation

of rights and privileges of a citizen of the United States under the Employees Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1002 and 1140 and 42 U.S.C §1981, and the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq. This Court has jurisdiction of the subject matter and of the parties. 29 U.S.C. § 2617(a)(2).

3. Jurisdiction over Plaintiff's claims based on Alabama law exists under the Doctrine of Supplemental Jurisdiction. 28 U.S. C. § 1367.

4. All acts complained of herein relate to Plaintiff's place of employment within the Middle District of Alabama. 28 U.S.C. § 1391.

II.

PARTIES

5. Davis is a black female adult over the age of nineteen and is a resident of Montgomery County, Alabama.

6. Defendant, Albany International Corporation, d/b/a Appleton Wire, is a Delaware Corporation, (hereinafter referred to as "Albany International"), qualified to do business in Alabama. Defendant, Albany International, has offices located in Montgomery County, Alabama.

7. Jeff Johnston is a white male over the age of nineteen and a citizen of Montgomery County, Alabama. Johnston is an employee, agent, supervisor with Defendant, Albany International, and at all relevant times acted within the scope of his employment, agency, and supervisory authority. Johnston's conduct was condoned and ratified by Defendant, Albany International.

## III.

## FACTUAL BACKGROUND

8. Plaintiff was hired by Albany International on March 12, 1979 and remained continually employed with Albany International until October 29, 2003.

9. Albany International hired Jeff Johnston as a decision maker within the company and he remained in such position until Plaintiff was terminated on October 29, 2003.

10. The Defendant did not properly train and monitor Jeff Johnston.

11. The Defendant condoned and ratified the actions of Jeff Johnston.

12. Plaintiff enrolled in the Defendant's short-term and long-term disability plans and/or programs.

13. Plaintiff participated in the Defendant's retirement plan and/or programs.

14. Monies were deducted from the Plaintiff's check each pay period for retirement and disability plans.

15. On or about April 2, 2001, while working as a nap operator Plaintiff suffered from a rotator culp injury while employed at Albany International.

16. Surgery was performed on the Plaintiff's rotator culp on or about July 2001.

17. Additionally, the Plaintiff, while working as a nap operator, injured her neck on or about February 1, 2002 while working with Albany International.

18. Albany International denied medical treatment for the neck injury.

19. The Defendant, based on a study of the machine, knew that the M3000 machine caused these type of injuries to its employees.

20. The Plaintiff requested on several occasions to be moved from the M3000 machine because the machine injured her neck and back.

21. The Plaintiff attempted to continue to work on the M3000 machine on and off until October 29, 2003, at which time Plaintiff was terminated.

22. Upon each injury to the Plaintiff and other employees, the Defendant would tell the employees to state that the injury was not job related to ensure that the employees could obtain or be granted disability and/or other benefits under the Social Security Administration.

23. The Plaintiff attempted to take a leave of absence and was denied.

24. Therefore, the Plaintiff was written up for violation of the company's attendance policy.

25. While working with Albany International the Plaintiff was continually harassed by supervisor Jeff Johnston.

26. The Defendant through its agent Jeff Johnston told Plaintiff that to return to Albany International, Plaintiff would have to guarantee him that she is not in pain.

27. The Plaintiff was also denied short and long-term disability through the company.

IV.

STATEMENT OF CLAIMS

CLAIM ONE
VIOLATION OF 42 USCA §1981

28. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1-27 and incorporates the same herein.

29. Plaintiff's termination by the Defendant was racially motivated.

30. The Plaintiff was treated differently than individuals similarly situated and that treatment was willful, purposeful, and intentional.

31. The actions of the Defendants injured the Plaintiff and was in violation of 42 U.S.C. § 1981.

## CLAIM TWO
## FAMILY MEDICAL LEAVE ACT

32. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1-31 and incorporates the same herein.

33. At all relevant times herein, Plaintiff was an employee eligible for leave under the Family and Medial Leave Act (FMLA) in that Plaintiff had more than one year of service with Defendant employer and had worked at least 1,250 hours in the year prior to her need to take family medical leave.

34. At all times relevant herein, Defendant is an employer within the meaning of FMLA in that Defendant directly employs 50 or more persons at its Montgomery location.

35. On or about February 1, 2002, Plaintiff suffered an injury to her neck creating a serious health condition within the meaning of the FMLA.

36. Plaintiff properly requested leave under the Family Medical Leave Act.

37. Plaintiff's serious health conditions required and continue to require treatment.

38. Defendant's attendance policy limited employees to a certain number of absences in a twelve-month period.

39. Even though Defendant was fully aware of the Plaintiff's serious health conditions and her need to take leave, Defendant penalized Plaintiff for absences covered under the FMLA.

40. Plaintiff was forced to use vacation time as a result of her serious health conditions.

41. Defendant was fully aware of the Plaintiff's serious health conditions, what caused the serious health conditions and her need to take leave but still informed Plaintiff that if she could not perform the job that her employment would be terminated.

42. Defendant refused to provide a written denial of Plaintiff's request for FMLA leave as required by the FMLA, 29 CFR §825.301.

43. On or about October 29, 2003, shortly after Plaintiff requested FMLA leave, Defendant terminated Plaintiff because she informed the Defendant that she could not perform the work on the M3000 machine based on an injury received from the machine.

44. Defendant terminated Plaintiff in retaliation for exercising her rights to seek FMLA leave.

45. Plaintiff was entitled to FMLA leave, under 29 U.S.C. §2612(a)(1)(D), because, among other reasons, she had serious health conditions.

46. Plaintiff engaged in activity protected under FMLA by, among other things, requesting medical leave.

47. Plaintiff missed less than twelve weeks of work in the year prior to her termination.

48. Prior to her termination, Plaintiff was earning approximately $714.40 per week. In addition, Plaintiff had a company pension and company medical insurance.

49. The conduct of the Defendant was at all times intentional and malicious. The conduct was, at all times, intended to deprive Plaintiff of her rights and carried out with a willful and conscious disregard for the rights of the Plaintiff.

50. The Defendant's conduct has, in fact, caused Plaintiff damages and emotional distress and continues to do so.

51. A causal connection exists between Plaintiff's protected activity under the FMLA, and the subsequent adverse employment action taken against her by the Defendant.

52. The Defendant wrongfully discharged Plaintiff in violation of the FMLA.

## CLAIM THREE
## VIOLATION OF ERISA

53. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1-52 and incorporates the same herein.

54. The Plaintiff was an employee of Albany International for approximately twenty-three (23) years and was a participant in the Defendant's pension plan, and employee benefit plan governed by ERISA, 29 USC §§ 1001 *et seq*.

55. Pursuant to the terms of the Defendant's plan, Plaintiff would have been entitled to receive full retirement benefits upon completion of 25 years of service with Defendant.

56. On October 29, 2003, the Plaintiff was discharged without cause by the Defendant.

57. The Defendant's discharge of Plaintiff was for the purpose of preventing Plaintiff from receiving full retirement benefits under the Defendant's pension plan and was therefore unlawful under 29 USC §1140.

58. The Defendant's action in allegedly terminating Davis for not being able to perform a job for which she was injured during employment and received no compensation was pre-textual for the purpose of interfering with Davis' rights to benefits under the employees benefit plan and, as such, deprived Davis of her participation in Albany's employees benefit plan.

59. Defendant made a conscious decision to interfere with Davis' right to participate in the benefit plan. In essence, Davis' perceived disability played a role in Defendant's decision-making process and it had a determinative effect on the outcome of the process.

60. The Defendant's acts were willful, discriminatory, purposeful, and intentional, and they violate 501 of ERISA, 29 U.S.C. § 1002(1), *et seq.*

61. The Defendant's actions have caused the Plaintiff to suffer mental anguish, severe emotional distress, economic damages, including, but not limited to, loss of employment, loss of pay, loss of insurance, future retirement benefits, and financial losses.

## CLAIM FOUR
## BREACH OF CONTRACT

62. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1-61 and incorporates the same herein.

63. In doing all the things averred in this Complaint, the Defendant, Albany, and its actions herein complained of were calculated to and did benefit the Defendants.

64. The acts and conduct alleged herein of each such Defendant were calculated to and/or did benefit the Defendant, Albany. At all material times alleged, the Defendants are responsible for the wrongful conduct and injuries to Plaintiff as herein alleged.

65. On or about the first day of March 13, 1979, the Defendant, Albany, issued disability plans to Plaintiff whereby the said Defendant insured against the short-term and long-term disability, ("STD" and "LTD", respectively), of the Plaintiff.

66. Plaintiff became disabled on or about February 2002 and the injury was continuous, and the Defendants were provided with notice of said disability and a properly executed claim for disability benefits, STD and LTD, due under the terms of said plans.

67. The Defendants have failed and refused to pay the disability benefits as provided for in said plan for STD and LTD, said benefits presently being past due and unpaid.

## CLAIM FIVE
## FRAUDULENT INDUCEMENT

68. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1-67 and incorporates the same herein.

69. On or about, March 12, 1979, the Defendant, Albany, fraudulently induced Plaintiff to purchase said disability plans from, and to pay premiums thereon to the Defendants.

70. The Defendants, in an effort to induce Plaintiff to purchase said plans and pay premiums thereon, <u>willfully, and with fraudulent intent, represented to Plaintiff, that LTD will be paid if she became unable to work because of a disability and that the Defendants would in fact pay 65 percent of Plaintiff's average monthly base pay over the prior twelve months.</u> (Emphasis added).

71. <u>In reliance on</u> said representation, and trusting and believing in the skill, experience and honesty of the Defendants, the Plaintiff agreed to the one chance enrollment and purchased the plans, and then and there signed a payroll deduction for the Defendants. (Emphasis added).

72. In further reliance on said representation and believing and trusting in the skill, experience and honesty of the Defendants, Plaintiff paid to the Defendants all monthly premiums thereafter due on said policy for the period preceding and subsequent to her disability.

73. Each of the said representations of the Defendants were false and were known by said Defendants to be false at the time made; or were made recklessly without regard to the true facts, but with the intention that the Plaintiff should rely thereon.

74. Said misrepresentations were gross, oppressive or malicious and were made with the intent to induce the Plaintiff to purchase said disability plans from Defendant, Albany.

75. The fraudulent conduct of Defendant, Albany, was carried on and committed with a reckless or conscious disregard of the rights of the Plaintiff, and was calculated to and did benefit the Defendant, Albany.

76. By reason of international, wrongful, and fraudulent misconduct of the Defendant, as aforesaid, Plaintiff has suffered the loss of said premiums, and will continue to suffer in the future anxiety, worry, mental and emotional distress.

77. Each and every act herein complained of was part of a pattern and/or practice of the Defendants to engage in similar fraudulent, illegal and bad faith conduct in the sale and issuance of disability plans and in fraudulently failing to pay claims thereunder.

## CLAIM SIX
## BAD FAITH

78. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1-77 and incorporates the same herein.

79. At all material times herein complained of, the Defendants, in breach of the implied covenant of good faith and fair dealing, has wrongfully and unlawfully withheld and denied benefits due to Plaintiff under the terms of said plans, the Defendants acted wrongfully and unreasonably in the following respects:

   (a) The Defendant either knew or should have known that there was no arguable, lawful or legitimate basis for the refusal to pay said claim.

   (b) The Defendant either intentionally or recklessly failed to determine whether there was a lawful basis for the denial and refusal to pay said claim and/or said Defendants either

intentionally or recklessly failed to properly investigate said claim or to subject the results of said investigation to a cognitive evaluation and review.

80. Each and every of the acts herein complained of were part of a pattern or practice of said Defendant in engaging in similar wrongful, illegal and bad faith conduct, and in wrongfully, illegally and in bad faith failing to pay claims under disability plans issued by it.

81. As a consequence of said wrongful and bad faith acts of the Defendant, Plaintiff has suffered monetary and other damages.

## CLAIM SEVEN
## NEGLIGENT HIRING, SUPERVISION AND TRAINING

82. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1-81 and incorporates the same herein.

83. This is a claim arising under the laws of the State of Alabama claiming that Defendant committed the tort of negligent supervision and training.

84. The Conduct of the Defendant, Albany International, as set forth above, was a breach of Defendant's duty to Plaintiff to exercise care in supervising and training employees, and such breach proximately caused her to suffer humiliation, mental pain and anguish, and all other injuries outlined herein, all to Plaintiff's damage.

## CLAIM EIGHT
## NEGLIGENT RETENTION

85. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1-84 and incorporates the same herein.

86. This is a claim arising under the laws of the State of Alabama claiming that Defendant committed the tort of negligent retention.

87. The Conduct of the Defendant, Albany International, as set forth above, was a breach of its duty to Plaintiff to exercise care in retaining employees, and such breach proximately caused her to suffer humiliation, mental pain and anguish, and all other injuries outlined herein, all to Plaintiff's damage.

CLAIM NINE
NEGLIGENCE

88. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1-87 and incorporates the same herein.

89. This is a claim arising under the laws of the State of Alabama claiming that Defendant, Albany International, committed the tort of negligence.

90. Defendant, Albany International, by its actions and omissions, breached the standard of care owed to Plaintiff while an employee of the Defendant. The conduct of said Defendant, as set forth herein, was a breach of its duty to Plaintiff to exercise due care.

91. That said Defendant's breach was the actual and proximate cause of Plaintiff's injuries.

CLAIM TEN
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

92. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1-91 and incorporates the same herein.

93. Jeff Johnston was at all relevant times employed as a decision maker with Albany International acting within the scope of his employment and in furtherance of the

business of the corporation. Albany International, instigated, controlled, and directed the acts of Jeff Johnston.

94. Plaintiff was employed by the Defendant from March 12, 1979 until she was terminated on October 29, 2003. At the time she was terminated, the Plaintiff held the position of nap operator.

95. Throughout the Plaintiff's employment with the Defendant the Plaintiff was continuously harassed by Jeff Johnston.

96. On or about October 29, 2003, Plaintiff was summoned by Jeff Johnston to attend a meeting regarding her employment status with Albany International.

97. Jeff Johnston led the Plaintiff to a room on the Defendant's premises. Jeff Johnston asked the Plaintiff numerous questions.

98. During this meeting, which lasted approximately one hour, Jeff Johnston shouted at Plaintiff several times using abusive language. Ultimately, Jeff Johnston told Plaintiff that she would have to guarantee that she would not suffer pain before her employment with Albany International could continue.

99. Plaintiff was discharged on the same day.

100. Since the events in issue the Plaintiff has been severely depressed, unable to leave her home and has sought and received psychiatric treatment.

101. The Defendants engaged in the conduct described above recklessly or with intent of causing the Plaintiff severe emotional distress.

102. The Conduct of Defendant was extreme and outrageous.

103. The Plaintiff incurred severe emotional distress as a result of the Defendant's conduct.

## CLAIM ELEVEN
### ALTERNATIVE LIABILITY OF ALBANY INTERNATIONAL IN RESPONDEAT SUPERIOR

104. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1-103 and incorporates the same herein.

105. The acts of Jeff Johnston were extreme and outrageous, and Jeff Johnston acted recklessly or with the intent of causing the Plaintiff severe emotional distress as a result of his conduct.

106. Albany International is liable for the acts of Jeff Johnston under the doctrine of Respondeat Superior.

## CLAIM TWELVE
### ASSAULT AND BATTERY

107. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1-106 and incorporates the same herein.

108. Defendant's actions and those of its agents and employees, including but not limited to, Jeff Johnston, against Plaintiff constitute assault and battery under the applicable state law.

109. The actions of Jeff Johnston were facilitated, condoned, and ratified by the Defendant.

110. Plaintiff is entitled to recover from each Defendant compensatory and punitive damages caused by this tort, in amounts to be established at trial.

IV.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for relief as follows:

(a) Order the Defendant, Albany International, to make Plaintiff whole by providing appropriate back pay and interest thereon, sick leave, disability leave, vacation leave, reimbursement for lost compensation, social security, prejudgment interest, and all other entitlements and emoluments in an amount to be shown at trial, and other affirmative steps immediately to eliminate the effects of the discriminatory practices complained herein;

(b) That this court grant the Plaintiff reasonable attorneys' fees, expert fees, costs, and expenses incurred herein;

(c) That this court grant the Plaintiff compensatory and punitive damages;

(d) Judgment that the Defendant violated Davis' rights under the employees benefit plan;

(e) That the Plaintiff be awarded cost, including reasonable attorney's fees, pursuant to 42 U.S.C. 1988; and

(f) Plaintiff seeks declaratory and injunctive relief, monetary relief, costs and attorney's fees.

(g) The Plaintiff be awarded such other further and different relief to which she may be entitled.

**WHEREFORE, THE PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant for compensatory and punitive damages in such amount as a jury may award in this action, with interest and costs of this action

and a reasonable attorney's fee for her representation herein and such other,

further and different relief to which Plaintiff may be entitled in the premises.

Respectfully submitted this the 28th day of October, 2005.

                                            TRINA S. WILLIAMS (SAN 046)
                                            Attorney for Plaintiff Dora Davis

                                            VICKY U. TOLES (UND 014)
                                            Attorney for Plaintiff Dora Davis

OF COUNSEL:
Toles & Williams, LLP
1015 South McDonough Street
Montgomery, AL 36104

<u>JURY DEMAND</u>

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

                                            TRINA S. WILLIAMS (SAN 046)

                                            VICKY U. TOLES (UND 014)

    I, Dora Davis, Plaintiff in this cause of action, do hereby swear or affirm that I have read the foregoing and that it is true to the best of my knowledge, information and belief.

                                            Dora Davis

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing Complaint has been served upon the following:

>Albany International Corporation,
>d/b/a Appleton Wire
>c/o its Registered Agent
>The Corporation Company
>2000 Interstate Park Drive
>Suite 204
>Montgomery, AL  36109

by delivering the same to the United District Court Clerk's Office, with instructions to mail, via certified mail, first class postage provided and prepaid and properly addressed on this the 28th day of October, 2005.

*/s/ Trina S. Williams*
TRINA S. WILLIAMS (SAN 046)

*/s/ Vicky U. Toles*
VICKY U. TOLES (UND 014)