IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DORA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: CV2:05-1040-T |
| | ) |
| APPLETON WIRE COMPANY, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT'S MOTION TO DISMISS AND ALTERNATIVE MOTION TO STRIKE

Pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, defendant Albany International Corp. d/b/a Appleton Wire ("Albany") moves the Court to dismiss with prejudice Claims Four-Six of plaintiff Dora Davis' ("Davis") Complaint for failure to state claims upon which relief can be granted. In support of this Motion, Albany provides the following:

**I.**

**Background Facts**

1. While an employee of Albany, Davis "enrolled in the Defendants short-term and long-term disability plans and/or programs." [Complaint ¶12].

2. Davis "participated in the Defendant's retirement plan and/or programs." [Complaint ¶ 13].

3. "Monies were deducted from the Plaintiff's check each pay period for retirement and disability plans." [Complaint ¶ 14].

4. In Claim Four, Davis claims that Albany has "failed and refused to pay the disability benefits as provided for in said plan for STD and LTD, said benefits presently being past due and unpaid." [Complaint ¶ 67].

5. In Claim Five, Davis claims that "Albany fraudulently induced [her] to purchase said disability plans from, and to pay premiums thereon to Defendants." [Complaint ¶ 69].

6. Claim Six alleges that Albany engaged in bad faith by withholding or denying benefits "under the terms of said plans . . . ." [Complaint ¶ 79].

7. No where in her Complaint does Davis allege that she exhausted her administrative remedies under the disability plans.

## II.

## Motion to Dismiss

### A. Standard of Review

"The purpose of a Rule 12(b) (6) motion is to test the facial sufficiency of the statement of claim for relief." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). The accepted rule for appraising the sufficiency of a complaint is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 1369 (internal citations omitted)

Although motions to dismiss generally are determined on the facial sufficiency of the complaint alone, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b) (6) dismissal, and the

defendant's attaching such documents to the motion to dismiss will not require a conversion of the motion into a motion for summary judgment." *Id. (citing Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).[1]

B.  **Plaintiffs' Claims are Preempted by ERISA.**

The Complaint asserts claims for breach of contract (Claim Four), fraudulent inducement (Claim Five), and bad faith (Claim Six) . All of these claims relate to short and/or long term disability insurance Plaintiff purchased through the Plan.

For example, Claim Four alleges that Albany breached a contract with Davis by failing or refusing to pay disability benefits under the Plan. Similarly, Claim Five purports to assert a fraud claim based on Albany's "fraudulently induc[ing] Plaintiff to purchase said disability plans from, and to pay premiums thereon to the Defendants." [Complaint ¶69]. Claim Six alleges bad faith.

Plaintiff's state-law claim are due to be dismissed because they are preempted by ERISA. Plaintiffs seeks payment of disability insurance benefits payable from an employee benefit plan. This claim clearly is governed by ERISA, 29 U.S.C. § 1132 (a) (1) (B). In addition, Section 514(a) of ERISA, 29 U.S.C. § 1144 (a), provides that the Act "supercede[s] any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." Accordingly, the United States Supreme Court has held that state-law breach of contract claims for benefits are preempted. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56 (1987) (breach of contract action for disability benefits preempted by ERISA). The Eleventh Circuit likewise has made it clear that claims for benefits pursuant to a pension plan are properly asserted as claims under ERISA. *See,*

---

[1] It is on this basis that Albany attaches Exhibit 1, The Albany International Corp., Hourly Montgomery Employees – Branch 208, Short Term and Long Term Disability Coverage - Disability Benefits Program.

*e.g. Garren v. John Hancock Mutual Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (holding that claim "'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits") ; Amos v. Blue Cross - Blue Shield of Alabama, 868 F. 2d 430, (11th Cir.), *cert. denied,* 493 U.S. 855 (1989) (breach of contract claim for denial of employee benefits is preempted by ERISA) When a complaint *is,* on its face, preempted by ERISA, dismissal is appropriate. See *Garren*, 114 F. 3d at 187 (affirming district court's dismissal of state-law contract claim for benefits that was preempted by ERISA). In the instant case, it is clear that Claims Four – Six of Plaintiff's complaint are ERISA benefits claims asserted as various state-law breach of contract and tort claims. Accordingly, Plaintiffs' claims are preempted by ERISA and must be dismissed as a matter of law.

C.      **Plaintiff Failed to Exhaust Administrative Remedies.**

Finally, even if Davis properly had asserted her claim as an ERISA claim, it is nevertheless due to be dismissed because she failed to exhaust the administrative prerequisites of her claim prior to filing suit. Participants or beneficiaries of an ERISA plan must exhaust all administrative remedies prior to filing a lawsuit. *See Perrino v. Southern Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000); *Counts v. American Gen. Life & Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997); *Springer v. Wal-Mart Assocs.' Group Health Plan*, 908 F.2d 897, 899 (11th Cir. 1998) . Failure to exhaust all administrative remedies results in a dismissal of plaintiff's ERISA claims. *See Perrino***,** 209 F.3d at 1318-19; *Moore v. American Fed'n of TV & Radio*, 216 F.3d 1236, 1240 n. 10 (11th Cir. 2000).

In the case at hand, the Plan provides participants and beneficiaries with appeal procedures should they choose to challenge the denial of some benefit under the plan. [*See* Exhibit 1, pp. 45-48]. In her Complaint, Davis alleges that she provided notice of her alleged disability and submitted a claim for disability benefits, but does not allege that she filed any appeal of that initial denial or that she exhausted her Plan remedies. Because Plaintiff has failed to allege that she exhausted her administrative remedies and, to Albany's knowledge, has not in fact done so, her claim is due to be dismissed.

### III.

### Alternative Motion to Strike Jury Demand

The Complaint "requests a trial by jury of all issues in this cause that are triable by a jury." It is well established, however, that a jury trial is unavailable in a lawsuit for employee benefits. An action to recover employee benefits under ERISA is equitable in nature. *See Hunt v. Hawthorne Associates, Inc.*, 119 F. 3d. 888, 907 (11th Cir.), *cert. denied,* 523 U.S. 1120 (1998) . The Eleventh Circuit Court of Appeals held that no jury trial is available for such actions. *See id.* Other circuits addressing this issue have reached the same conclusion. *See, e.g., Tischmann v. ITT/Sheraton Corp.*, 145 F. 3d 561, 568 (2nd Cir.) ("cases involving ERISA benefits are inherently equitable in nature, not contractual, and that no right to jury trial attaches to such claims") , *cert. denied,* 119 S.Ct. 406 (1998); *Cox v. Keystone Carbon Company*, 894 F. 2d 647 (3rd Cir.), *cert. denied,* 498 U.S. 811 (1990) . Accordingly, to the extent Davis is demanding a jury trial on Claims One or Four-Six, her demand should be stricken.

## IV.

## Conclusion

For all the reasons set forth herein, Claims Four-Six of Davis' Complaint fail to state claims upon which relief may be granted as to defendant Albany and it is entitled to the dismissal of those Claims as matter of law. In the alternative, Plaintiff is not entitled to a jury trial on her benefits related claims, and her jury demand is due to be stricken.

                                                Respectfully submitted,

                                                s/ Charles A. Powell IV
                                                Charles A. Powell IV
                                                Attorney for Defendant

**OF COUNSEL:**
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ**
A Professional Corporation
420 North 20th Street, Suite 1600
Birmingham, Alabama  35203-5202
(205) 244-3822 telephone
(205) 488-3822 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on the following counsel of record via U.S. mail, on this 1st day of December, 2005.

Trina S. Williams
Vicky U. Toles
Toles & Williams, LLP
1015 South McDonough Street
Montgomery, Alabama 36104

                                                s/ Charles A. Powell IV
                                                OF COUNSEL