IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DORA DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 2:05 cv 1040-T ) |
| ALBANY INTERNATIONAL, JEFF JOHNSTON Defendants. | ) ) ) ) |

## ALBANY'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Albany International hereby responds to Plaintiff's Complaint, paragraph by paragraph, as follows:

### INTRODUCTION

1.   Albany admits that Plaintiff purports to assert claims pursuant to 42 U.S.C. § 1981, the Family and Medical Leave Act, 29 U.S.C. § 2601 ("FMLA"), and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), but denies liability to Plaintiff under these or any other authority.

I.

### JURISDICTION AND VENUE

2.   Albany admits that this court has federal question jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, but denies liability to Plaintiff under any theory asserted in the complaint. All remaining allegations of paragraph 2 are denied.

3. Albany admits that this court may assert supplemental jurisdiction over Plaintiff's state law claims, but denies liability to Plaintiff under these or any other authority.

4. Albany admits that venue is appropriate in the United States District Court for the Middle District of Alabama, Northern Division. All remaining allegations of paragraph 4 are denied.

## II.

## PARTIES

5. Admitted.

6. Admitted.

7. Albany admits that Jeff Johnston is a white male over the age of 19, but is without knowledge sufficient to form a belief as to the truth of the allegation that Mr. Johnson is "a citizen of Montgomery County, Alabama." All remaining allegations of paragraph 7 are denied.

## III.

## FACTUAL BACKGROUND

8. Albany admits that Plaintiff was employed from March 12, 1979, until she voluntarily resigned on October 29, 2003.

9. Albany admits that Jeff Johnston held management and supervisory jobs during his employment, but denies that the conduct alleged in the Complaint was within the course and scope of his job duties, or was condoned or ratified by the Company.

10. Denied.

11. Albany denies that it condoned or ratified the alleged conduct of Jeff Johnston as set forth in the complaint.

12. Albany admits that Davis was enrolled in its STD and LTD Plan, but denies that she was entitled to benefits under either Plan.

13. Albany admits that Plaintiff is eligible for retirement benefits, but denies that it took any action to interfere with those benefits.

14. **[confirm]**

15. Admitted.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Albany admits that Plaintiff was written up in accordance with the Company's Attendance Policy. All remaining allegations of paragraph 24 are denied.

25. Albany denies that Plaintiff ever complained that she was harassed by Jeff Johnston. Therefore, the Company is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 25 and, therefore, they are denied.

26. Because Plaintiff continued to complain of pain even though her worker's compensation doctors had released her to full duty, Plaintiff was told that she could

return to work if she felt able, but that if she elected not to do so, any absences would be counted under the attendance policy. All remaining allegations in paragraph 26 are denied.

27. Albany denies that Plaintiff applied for these benefits.

## IV.

## STATEMENT OF CLAIMS

### CLAIM ONE
### VIOLATION OF 42 USCA § 1981

28. Albany incorporates herein by reference its responses to paragraphs 1-27.

29. Denied.

30. Denied.

31. Denied.

### CLAIM TWO
### FAMILY MEDICAL LEAVE ACT

32. Albany incorporates herein by reference its responses to paragraphs 1-31.

33. Albany admits that Plaintiff was an eligible employee under the FMLA, but denies that Plaintiff has a serious health condition.

34. Albany admits that it is an employer within the meaning of 29 U.S.C. § 2611 (4), but denies that it took any action against Plaintiff in violation of the FMLA.

35. Denied.

36. Denied.

37. Denied.

38. Albany admits that it has an attendance policy applicable to employees in its Montgomery facility, but denies that any approved FMLA absences were counted against Plaintiff under the attendance policy.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Albany denies that Plaintiff was eligible for FMLA leave because she did not have a serious health condition.

48. Albany admits that Plaintiff was earning $18.98 per hour, and that she was eligible for pension and health insurance benefits.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## CLAIM THREE
## VIOLATION OF ERISA

53. Albany incorporates herein by reference its responses to paragraphs 1-52.

54. Albany admits that Plaintiff was a participant in its retirement and employee benefit plan, but denies liability to Plaintiff under ERISA or any other authority.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## CLAIM FOUR
## BREACH OF CONTRACT

62. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

63. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

64. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

65. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

66. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

67. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

## CLAIM FIVE
## FRAUDULENT INDUCEMENT

68. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

69. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

70. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

71. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

72. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

73. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

74. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

75. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

76. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

77. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

## CLAIM SIX
## BAD FAITH

78. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

79. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

80. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

81. These allegations are subject to Albany's Motion to Dismiss and, therefore, do not require a responsive pleading at this time.

## CLAIM SEVEN
## NEGLIGENT HIRING, SUPERVISION AND TRAINING

82. Albany incorporates herein by reference its responses to paragraphs 1-81.

83. Albany admits that Plaintiff purports to state an Alabama common law claim for negligent hiring, supervision and training, but denies that such a claim exists as an independent theory of liability.

84. Denied.

## CLAIM EIGHT
## NEGLIGENT RETENTION

85. Albany incorporates herein by reference its responses to paragraphs 1-84.

86. Albany admits that Plaintiff purports to state an Alabama common law claim for negligent hiring, supervision and training, but denies that such a claim exists as an independent theory of liability.

87. Denied.

## CLAIM NINE
## NEGLIGENCE

88. Albany incorporates herein by reference its responses to paragraphs 1-87.

89. Albany admits that Plaintiff purports to state an Alabama common law claim for negligent hiring, supervision and training, but denies that such a claim exists as an independent theory of liability.

90. Denied.

91. Denied.

## CLAIM TEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

92. Albany incorporates herein by reference its responses to paragraphs 1-91.

93. Albany admits that Jeff Johnston held management and supervisory jobs during his employment, but denies that the conduct alleged in the Complaint was within the course and scope of his job duties, or was condoned or ratified by the Company. All remaining allegations of paragraph 93 are denied.

94. Albany admits that Plaintiff was employed from March 12, 1979, until she voluntarily resigned on October 29, 2003. At the time of her resignation, Plaintiff was a Seamer.

95. Albany denies that Plaintiff ever complained that she was harassed by Jeff Johnston. Therefore, the Company is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 95 and, therefore, they are denied.

96. Albany admits that Plaintiff met with Company representatives on October 29, 2003, and that Plaintiff tendered her resignation during this meeting.

97. Albany admits that Plaintiff met with Company representatives on October 29, 2003, and that Plaintiff tendered her resignation during this meeting.

98. Denied.

99. Plaintiff resigned from Albany, and therefore, the allegations of paragraph 99 are denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

## CLAIM ELEVEN
## ALTERNATIVE LIABILITY OF ALBANY INTERNATIONAL IN RESPONDEAT SUPERIOR

104. Albany incorporates herein by reference its responses to paragraphs 1-103.

105. Denied.

106. Denied.

## CLAIM TWELVE
## ASSAULT AND BATTERY

107. Albany incorporates herein by reference its responses to paragraphs 1-106.

108. Denied.

109. Denied.

110. Denied.

## IV.

## PRAYER FOR RELIEF

Albany denies that Plaintiff is entitled to any of the relief requested in the complaint, including that requested in paragraphs IV(a-g).

To the extent not specifically admitted herein, all remaining factual allegations of the complaint are denied.

## DEFENSES

### FIRST DEFENSE

To the extent Plaintiff has failed to mitigate her damages, she is barred from recovering from Defendant.

### SECOND DEFENSE

Albany denies that it acted with malice or reckless indifference to the rights of Plaintiff.

### THIRD DEFENSE

To the extent Albany discovers during the course of this action that Plaintiff engaged in any conduct which would have warranted discharge under Company policy, Plaintiffs right to recover damages beyond the date of such discovery will be cut off.

### FOURTH DEFENSE

Albany asserts that it has made a good faith effort to prevent discrimination.

### FIFTH DEFENSE

Notwithstanding Albany's general denials and previous affirmative defenses herein, to the extent Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, Albany's affirmatively states that it would have taken the same action in the absence of such an impermissible motivating factor.

### SIXTH DEFENSE

To the extent Plaintiff unreasonably delayed in reporting the alleged discrimination, her claims are barred by the doctrine of laches.

### SEVENTH DEFENSE

To the extent Plaintiffs § 1981 claims are based on conduct occurring more than four years prior to the filing of her Complaint, all such claims are time barred.

### EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part by the worker's compensation exclusivity doctrine, Ala. Code § 25-5-53.

### NINTH DEFENSE

To the extent Plaintiff's own conduct contributed to or exacerbated any of her injuries, the doctrine of contributory negligence bars Plaintiff from recovering from Defendant.

### TENTH DEFENSE

To the extent a jury finds Defendant liable for punitive damages, any such award must comply with the provisions of Alabama Code § 6-11-21.

### ELEVENTH DEFENSE

To the extent Plaintiff's tort claims are based on conduct occurring more than 2 years before the filing of her Complaint, her claims are barred by the statute of limitations.

### TWELFTH DEFENSE

Although Albany denies that Plaintiff was exposed to a hostile work environment, Albany asserts that it exercised reasonable care to prevent and correct promptly any

harassing behavior, and that Plaintiff has unreasonably failed to take advantage of any preventive or corrective opportunity provided or to avoid harm otherwise.

### THIRTEENTH DEFENSE

To the extent Plaintiff received compensation or benefits for any workplace injury, or any claims arising therefrom, Plaintiff's claims in this action are barred by waiver or estoppel.

### FOURTEENTH DEFENSE

To the extent the court determines Plaintiff's claim to be frivolous, groundless in fact, or vexatious, or interposed for any improper purpose, Defendant are entitled to recover their attorneys' fees and costs pursuant to the Alabama Litigation Accountability Act, § 12-19-270 *et seq.*

### FIFTEENTH DEFENSE

Plaintiff is not entitled to recover compensatory or punitive damages under the FMLA.

### SIXTEENTH DEFENSE

To the extent Plaintiff's suit was not filed within the statute of limitations, Plaintiff's claims are time barred.

### SEVENTEENTH DEFENSE

Albany denies that its conduct was willful and, therefore, the two year statute of limitations is applicable to this case.

### EIGHTHTEENTH DEFENSE

To the extent Plaintiff was not an eligible employee under the FMLA, her claim is due to be dismissed.

### NINETEENTH DEFENSE

To the extent Plaintiff did not have a serious health condition as defined by the FMLA, Plaintiff's claim is due to be dismissed.

### TWENTIETH DEFENSE

To the extent Plaintiff failed to provide adequate notice of the need for leave, Plaintiff's FMLA claim is due to be dismissed.

### TWENTY-FIRST DEFENSE

To the extent Plaintiff had exhausted her FMLA leave, Plaintiff's FMLA claim is due to be dismissed.

### TWENTY-SECOND DEFENSE

To the extent Plaintiff has failed to exhaust all plan remedies, all ERISA claims are due to be dismissed.

### TWENTY-THIRD DEFENSE

To the extent Plaintiff has failed to join all necessary parties, her relief may be limited or denied.

### TWENTY-THIRD DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of waiver or estoppel.

Wherefore, Defendant Albany International respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that it be awarded its attorney's fees and cost in defending this action.

        Respectfully submitted,

        s/ Charles A. Powell IV
**Charles A. Powell IV**
Attorney for Defendant

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
420 North 20th Street, Suite 1600
Birmingham, Alabama 35203-5202
(205) 244-3822 telephone
(205) 488-3822 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on the following counsel of record via U.S. mail and electronic mail, on this 1st day of December, 2005.

Trina S. Williams
Vicky U. Toles
Toles & Williams, LLP
1015 South McDonough Street
Montgomery, Alabama 36104

        s/ Charles A. Powell IV
        OF COUNSEL