IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DORA DAVIS, )
)
Plaintiff, )
)
vs. ) CIVIL ACTION NO.: CV2:05-cv-1040-T
)
ALBANY INTERNATIONAL, )
JEFF JOHNSTON, )
)
Defendants. )

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND ALTERNATIVE MOTION TO STRIKE

**COMES NOW,** the Plaintiff by and through her counsel of record, and responds to Defendant's Motion to Dismiss as follows:

### Standard for Motions to Dismiss

The Rule 12(b)(6) motion is read alongside *Fed.R.Civ.P.8(a)*, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. *Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1368*. In addition, for the purposes of the motion to dismiss, the complaint must be construed in a light most favorable to the plaintiff and the factual allegations taken as true. See *SEC v. ESM Group, Inc., 835 F.2d 270, 272* (11th Cir.), *reh'g denied, 840 F.2d 25, cert. denied, 486 U.S. 1055, 108 S. Ct. 2822, 100 L. Ed. 2d 923 (1988).* Id. at 1369.

The Eleventh Circuit has recently written: The Supreme Court has stated that the "accepted rule" for appraising the sufficiency of a complaint is "that a complaint should not be

dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." _Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-102, 2 L. Ed. 2d 80 (1957); Tiftarea Shopper, Inc. v. Georgia Shopper, Inc., 786 F.2d 1115, 1117-18 (11th Cir.1986)_ (quoting Conley). Id.

A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory. _Robertson v. Johnston, 376 F.2d 43 (5th Cir.1967)._ We hasten to add that this motion is viewed with disfavor and rarely granted. *See e.g.*, _Madison v. Purdy, 410 F.2d 99, 100 (5th Cir.1969); International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service, 400 F.2d 465, 471 (5th Cir.1968)_ ("Dismissal of a claim on the basis of barebone pleadings is a precarious disposition with a high mortality rate."). Id.

## **Plaintiffs Claims Preempted by ERISA**

The Plaintiff has received the Defendants argument for dismissal of claims four through six of the Plaintiff's complaint. Although the Defendant's arguments and citations are well taken, the Plaintiff would respectfully request this honorable court to reserve ruling on the same until such time has expired to amend the pleadings.

## **Exhaustion of Administrative Remedies are not Required**

The Eleventh Circuit recognizes exceptions to the exhaustion of administrative remedies when such exhaustion is futile or the remedy inadequate or where a claimant is denied meaningful access to the administrative review scheme in place. Additionally, the district court has the sound discretion to not apply or apply the exhaustion requirement. _Perrino v. Southern Bell Tel and Tel Company, 209 F.3d 1309, Counts v. American Gen. Life and Accident Ins. Co., 111 F.3d 108, Springer v. Wal-Mart Associates' Group Health Plan, 908 F.2d 899, Curry v._

*Contract Fabricators, Inc. Profit Sharing Plan, 891 F.2d 846, 847*.

The Plaintiff reported her disability on several occasions, and applied for benefits under the Defendant's plan. Additionally, the Plaintiff filed several grievances to no avail. The Plaintiff's ERISA claim should stand because in the present case any appeal would have been futile, the remedy inadequate, and Plaintiff would have been denied meaningful access to the administrative review scheme.

### Trail by Jury may be had in ERISA Claims

The 7th Amendment of the United States Constitution states "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." ERISA provides that a civil action may be brought by a participant or beneficiary to recover benefits and to enforce or clarify rights under the terms of the plan. *U.S.C.S. 1132(a)(1)(B)*. ERISA does not distinguish between equitable and legal relief.

Therefore, the Plaintiff respectfully re-asserts its request for trial by jury.

### Conclusion

For the foregoing reasons, Albany International's Motion to Dismiss should be denied.[1]

Respectfully submitted this the 6th day of January, 2006.

ATTORNEYS FOR THE PLAINTIFF:

*[signature]*
TRINA S. WILLIAMS (SAN 046)

*[signature]*
VICKY U. TOLES (UND 014)

---

[1] Should the Court dismiss any of plaintiff's claims, plaintiff respectfully request leave to replead.

Toles & Williams, LLP
1015 South McDonough Street
Montgomery, Alabama 36104
(334) 832-9915
(334) 832-9917 fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing motion on this 6th day of January, 2006 upon the following:

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ**
Honorable Charles Powell IV
A Professional Corporation
420 North 20th Street, Suite 1600
Birmingham, Alabama 35203-5202

*/s/ Trina S. Williams*
TRINA S. WILLIAMS (SAN 046)