**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **DORA DAVIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 2:05-CV-1040-WKW** |
| ) | |
| **ALBANY INTERNATIONAL CORP.;** ) | |
| **JEFF JOHNSTON,** ) | |
| ) | |
| **Defendants.** ) | |

**ANSWER OF DEFENDANT JEFF JOHNSTON**

Defendant Jeff Johnston ("Johnston") answers the Plaintiff's Complaint as follows:

**INTRODUCTION**

1. Johnston admits that the Plaintiff purports to assert claims under 42 U.S.C. § 1981, the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA") and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"), but denies that he violated these statutes or any other law.

**I.**

**JURISDICTION AND VENUE**

2. Paragraph 2 is jurisdictional only and requires no response. To the extent that any response is required, Johnston admits that this Court has federal question jurisdiction over the Plaintiff's 42 U.S.C. § 1981, FMLA and ERISA claims, but denies that he violated these statutes or any other law.

3. Paragraph 3 is jurisdictional only and requires no response. To the extent that any response is required, Johnston admits that this Court has supplemental jurisdiction over the

Plaintiff's state law claims, but denies that he is liable to the Plaintiff on these or any other claims.

4. Johnston admits that venue is proper in the Middle District of Alabama. Except as explicitly admitted, the allegations of Paragraph 4 are denied.

## II.

## PARTIES

5. Johnston admits that the Plaintiff is a black female over the age of nineteen. Johnston lacks knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph 5 and, therefore, denies the same.

6. Admitted.

7. Johnston admits that he is a white male over the age of nineteen and that he is a resident of Montgomery County. Johnston further admits that his interactions with the Plaintiff during the time that both were employed with Albany International ("Albany") were within the scope of his employment, agency and supervisory authority with Albany and/or were condoned and ratified by Albany. Johnston denies that he engaged in any unlawful conduct towards the Plaintiff. Except as explicitly admitted, the allegations of Paragraph 7 are denied.

## III.

## FACTUAL BACKGROUND

8. Johnston admits that the Plaintiff was employed with Albany and that she resigned from that employment in Fall 2003. Johnston lacks knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph 8 and, therefore, denies the same.

9. Johnston admits that he held a management and/or supervisory position with Albany on October 29, 2003. Except as explicitly admitted, the allegations of Paragraph 9 are denied.

10. Denied.

11. Johnston denies that he engaged in any unlawful conduct towards the Plaintiff.

12. Johnston lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and, therefore, denies the same.

13. Johnston lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and, therefore, denies the same.

14. Johnston lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and, therefore, denies the same.

15. Johnston lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and, therefore, denies the same.

16. Johnston admits that the Plaintiff has surgery on her rotator cuff. Johnston lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 and, therefore, denies the same.

17. Johnston lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and, therefore, denies the same.

18. Johnston lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and, therefore, denies the same.

19. Johnston lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and, therefore, denies the same.

20. Admitted that the Plaintiff stated that work duties at Albany caused her pain. Except as explicitly admitted, the allegations of Paragraph 20 are denied.

21. Admitted that the Plaintiff worked on the M3000 machine at times during her employment at Albany. Except as explicitly admitted, the allegations of Paragraph 21 are denied.

22. Denied.

23. Johnston lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and, therefore, denies the same.

24. Johnston admits that the Plaintiff was written up in accordance with Albany's attendance policy. Except as explicitly admitted, the allegations of Paragraph 23 are denied.

25. Denied.

26. Johnston admits that he told the Plaintiff that she could return to work if she was able, but that if she elected not to work, despite her worker's compensation doctors having released her to full duty, her absences would be counted under Albany's attendance policy. Except as explicitly admitted, the allegations of Paragraph 26 are denied.

27. Johnston lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and, therefore, denies the same.

## IV.

### STATEMENT OF CLAIMS

**CLAIM ONE**
**VIOLATION OF 42 U.S.C. § 1981**

28. Johnston restates his responses to Paragraphs 1-27.

29. Denied.

30. Denied.

31. Denied.

## CLAIM TWO
## FAMILY AND MEDICAL LEAVE ACT

32. Johnston restates his responses to Paragraphs 1-31.

33. Johnston lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and, therefore, denies the same.

34. Johnston denies that he was an employer within the meaning of the FMLA.

35. Denied.

36. Denied.

37. Denied.

38. Johnston admits that, during his employment with Albany, Albany had an attendance policy that placed limits on the number of unexcused absences. Except as explicitly admitted, the allegations of Paragraph 38 are denied.

39. Denied.

40. Denied.

41. Denied.

42. Johnston lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and, therefore, denies the same.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Johnston lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and, therefore, denies the same.

48. Johnston lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and, therefore, denies the same.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## CLAIM THREE
## VIOLATION OF ERISA

53. Johnston restates his responses to Paragraphs 1-52.

54. Johnston lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and, therefore, denies the same.

55. Johnston lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and, therefore, denies the same.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## CLAIM FOUR
## BREACH OF CONTRACT

62. Johnston restates his responses to Paragraph 1-61.

63. The Plaintiff's claim for breach of contract is asserted only against Albany. No claim has been asserted against Johnston for breach of contract and, thus, no response is required of Johnston to these allegations.

64. The Plaintiff's claim for breach of contract is asserted only against Albany. No claim has been asserted against Johnston for breach of contract and, thus, no response is required of Johnston to these allegations.

65. The Plaintiff's claim for breach of contract is asserted only against Albany. No claim has been asserted against Johnston for breach of contract and, thus, no response is required of Johnston to these allegations.

66. The Plaintiff's claim for breach of contract is asserted only against Albany. No claim has been asserted against Johnston for breach of contract and, thus, no response is required of Johnston to these allegations.

67. The Plaintiff's claim for breach of contract is asserted only against Albany. No claim has been asserted against Johnston for breach of contract and, thus, no response is required of Johnston to these allegations.

### CLAIM FIVE
### FRAUDULENT INDUCEMENT

68. Johnston restates his responses to Paragraphs 1-67.

69. The Plaintiff's claim for fraudulent inducement is asserted only against Albany. No claim has been asserted against Johnston for fraudulent inducement and, thus, no response is required of Johnston to these allegations.

70. The Plaintiff's claim for fraudulent inducement is asserted only against Albany. No claim has been asserted against Johnston for fraudulent inducement and, thus, no response is required of Johnston to these allegations.

71.     The Plaintiff's claim for fraudulent inducement is asserted only against Albany. No claim has been asserted against Johnston for fraudulent inducement and, thus, no response is required of Johnston to these allegations.

72.     The Plaintiff's claim for fraudulent inducement is asserted only against Albany. No claim has been asserted against Johnston for fraudulent inducement and, thus, no response is required of Johnston to these allegations.

73.     The Plaintiff's claim for fraudulent inducement is asserted only against Albany. No claim has been asserted against Johnston for fraudulent inducement and, thus, no response is required of Johnston to these allegations.

74.     The Plaintiff's claim for fraudulent inducement is asserted only against Albany. No claim has been asserted against Johnston for fraudulent inducement and, thus, no response is required of Johnston to these allegations.

75.     The Plaintiff's claim for fraudulent inducement is asserted only against Albany. No claim has been asserted against Johnston for fraudulent inducement and, thus, no response is required of Johnston to these allegations.

76.     The Plaintiff's claim for fraudulent inducement is asserted only against Albany. No claim has been asserted against Johnston for fraudulent inducement and, thus, no response is required of Johnston to these allegations.

77.     The Plaintiff's claim for fraudulent inducement is asserted only against Albany. No claim has been asserted against Johnston for fraudulent inducement and, thus, no response is required of Johnston to these allegations.

## CLAIM SIX
## BAD FAITH

78.     Johnston restates his responses to Paragraphs 1-77.

79. The Plaintiff's claim for bad faith is asserted only against Albany. No claim has been asserted against Johnston for bad faith and, thus, no response is required of Johnston to these allegations.

80. The Plaintiff's claim for bad faith is asserted only against Albany. No claim has been asserted against Johnston for bad faith and, thus, no response is required of Johnston to these allegations.

81. The Plaintiff's claim for bad faith is asserted only against Albany. No claim has been asserted against Johnston for bad faith and, thus, no response is required of Johnston to these allegations.

## CLAIM SEVEN
## NEGLIGENT HIRING, SUPERVISION AND TRAINING

82. Johnston restates his responses to Paragraphs 1-81.

83. The Plaintiff's claim for negligent hiring, supervision and training is asserted only against Albany. No claim has been asserted against Johnston for negligent hiring, supervision and training and, thus, no response is required of Johnston to these allegations.

84. The Plaintiff's claim for negligent hiring, supervision and training is asserted only against Albany. No claim has been asserted against Johnston for negligent hiring, supervision and training and, thus, no response is required of Johnston to these allegations.

## CLAIM EIGHT
## NEGLIGENT RETENTION

85. Johnston restates his responses to Paragraphs 1-84.

86. The Plaintiff's claim for negligent retention is asserted only against Albany. No claim has been asserted against Johnston for negligent retention and, thus, no response is required of Johnston to these allegations.

87.     The Plaintiff's claim for negligent retention is asserted only against Albany. No claim has been asserted against Johnston for negligent retention and, thus, no response is required of Johnston to these allegations.

### CLAIM NINE
### NEGLIGENCE

88.     Johnston restates his responses to Paragraphs 1-87.

89.     The Plaintiff's claim for negligence is asserted only against Albany. No claim has been asserted against Johnston for negligence and, thus, no response is required of Johnston to these allegations.

90.     The Plaintiff's claim for negligence is asserted only against Albany. No claim has been asserted against Johnston for negligence and, thus, no response is required of Johnston to these allegations.

91.     The Plaintiff's claim for negligence is asserted only against Albany. No claim has been asserted against Johnston for negligence and, thus, no response is required of Johnston to these allegations.

### CLAIM TEN
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

92.     Johnston restates his responses to Paragraphs 1-91.

93.     Johnston admits that at times during his employment with Albany, he was employed in a managerial and/or supervisory capacity and acted within the scope of his employment and in furtherance of Albany's business. Johnston further admits that, at times during his employment with Albany, Albany directed his acts. Johnston denies that he engaged in any unlawful conduct towards the Plaintiff.

94. Johnston admits that the Plaintiff was employed by Albany, that she resigned from that employment in the Fall of 2003 and that she was a Seamer at the time of her resignation. Johnston lacks knowledge and information as to the truth of the remaining allegations of Paragraph 94 and, therefore, denies the same.

95. Denied.

96. Johnston admits that the Plaintiff met with him and others at Albany in the Fall of 2003 regarding her work status. Except as explicitly admitted, the allegations of Paragraph 96 are denied.

97. Johnston admits that the Plaintiff met with him and others at Albany in the conference room, and that Johnston asked the Plaintiff some questions during this meeting. Except as explicitly admitted, the allegations of Paragraph 97 are denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

## CLAIM ELEVEN
## ALTERNATIVE LIABILITY OF ALBANY INTERNATIONAL
## IN RESPONDEAT SUPERIOR

104. Johnston restates his responses to Paragraphs 1-103.

105. The Plaintiff's claim for respondeat superior is asserted only against Albany. No claim has been asserted against Johnston for respondeat superior and, thus, no response is

required of Johnston to these allegations. To the extent that any response is required of Johnston as to these allegations, Johnston denies the allegations of Paragraph 105.

106.   The Plaintiff's claim for respondeat superior is asserted only against Albany. No claim has been asserted against Johnston for respondeat superior and, thus, no response is required of Johnston to these allegations.

## CLAIM TWELVE
## ASSAULT AND BATTERY

107.   Johnston restates his responses to Paragraphs 1-106.

108.   Denied.

109.   Johnston denies that he committed any acts against the Plaintiff that could constitute assault or battery.

110.   Denied.

Johnston denies that the Plaintiff is entitled to the relief sought in her prayer for relief or to any other relief. In further defense, Johnston avers:

### FIRST DEFENSE

Johnston's actions with respect to the Plaintiff were motivated by legitimate, non-discriminatory, non-retaliatory reasons that were not pretextual.

### SECOND DEFENSE

Assuming, *arguendo*, that Johnston acted with an unlawful motive, though he did not, he would have taken the same action with regard to the Plaintiff in the absence of said alleged unlawful motive.

### THIRD DEFENSE

The Plaintiff's claims for equitable relief are barred by her "unclean hands."

**FOURTH DEFENSE**

The Plaintiff's claims are barred by the doctrine of estoppel.

**FIFTH DEFENSE**

The Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations.

**SIXTH DEFENSE**

The Plaintiff's claims are barred to the extent that she failed to mitigate her alleged damages, if any.

**SEVENTH DEFENSE**

Had the alleged conduct of which plaintiff the Plaintiff complains actually occurred (and it did not), the Plaintiff's claims would be barred to the extent that she welcomed, consented to, acquiesced in or otherwise waived objections to such conduct.

**EIGHTH DEFENSE**

To the extent that the Plaintiff's claims are premised on Johnston's exercise of rights secured and protected by the First Amendment to the Constitution of the United States, those claims are barred.

**NINTH DEFENSE**

Johnston denies that he acted with malice or reckless indifference to the rights of the Plaintiff.

**TENTH DEFENSE**

Any award of punitive damages against Johnston is barred by Ala. Code § 6-11-20 because Johnston did not consciously or deliberately engage in oppression, fraud, wantonness or malice with respect to the Plaintiff.

**ELEVENTH DEFENSE**

Any award of punitive damages against Johnston is limited by Ala. Code § 6-11-21.

**TWELFTH DEFENSE**

Assuming, *arguendo*, any unlawful acts occurred, though they did not, Johnston is not liable for punitive damages, if any, because any unlawful employment decisions were contrary to his good faith efforts to comply with 42 U.S.C. § 1981 and other anti-discrimination statutes.

**THIRTEENTH DEFENSE**

The Plaintiff's claims against Johnston are barred, in whole or in part, by the exclusive remedial provisions of Alabama's Workers' Compensation Act. Ala. Code §§ 25-5-11(b), 25-5-53.

**FOURTEENTH DEFENSE**

To the extent that the Plaintiff unreasonably delayed in reporting or complaining of any alleged unlawful conduct, her claims are barred by the doctrine of laches.

**FIFTEENTH DEFENSE**

The Plaintiff's claims, in whole or in part, are preempted by § 301 of the Labor Management Relations Act.

## SIXTEENTH DEFENSE

The Plaintiff's claims, in whole or in part, are barred by her failure to submit her complaints to the grievance procedure contained in the collective bargaining agreement which governed her employment with Albany.

## SEVENTEENTH DEFENSE

The Plaintiff is not entitled to compensatory or punitive damages under the FMLA or ERISA.

## EIGHTEENTH DEFENSE

Johnston was not an employer within the meaning of the FMLA and, therefore, is not subject to liability under that statute.

## NINETEENTH DEFENSE

The Plaintiff's FMLA claim fails to the extent that she was not an eligible employee within the meaning of the FMLA.

## TWENTIETH DEFENSE

The Plaintiff's FMLA claim fails to the extent that the leave allegedly requested by the Plaintiff did not qualify as FMLA leave.

## TWENTY-FIRST DEFENSE

The Plaintiff's FMLA claim fails to the extent that the Plaintiff failed to provide adequate notice of the need to take FMLA leave.

## TWENTY-SECOND DEFENSE

The Plaintiff's FMLA claim fails to the extent that the Plaintiff did not have a serious health condition within the meaning of the FMLA.

## TWENTY-THIRD DEFENSE

The Plaintiff's FMLA claim fails to the extent that the Plaintiff failed to provide medical certification of the need for FMLA leave.

## TWENTY-FOURTH DEFENSE

The Plaintiff's FMLA claim fails to the extent that she had exhausted her available leave.

## TWENTY-FIFTH DEFENSE

The Plaintiff was not entitled to reinstatement under the FMLA.

## TWENTY-SIXTH DEFENSE

Any action or omission by Johnston giving rise to a claim under the FMLA was not willful but was made in good faith with a reasonable belief that the action or omission did not violate the FMLA.

## TWENTY-SEVENTH DEFENSE

To the extent that the Plaintiff has failed to join all necessary parties, her relief may be limited or denied.

## TWENTY-EIGHTH DEFENSE

As set forth in Johnston's Motion to Strike, the Plaintiff's jury demand is due to be stricken as to her ERISA claim.

Respectfully submitted,

s/Charles A. Powell, III
Charles A. Powell, III (ASB-6957-E68C)

s/Jennifer F. Swain
Jennifer F Swain (ASB-7761-167J)
Attorneys for Defendant, Jeff Johnston

OF COUNSEL:

**JOHNSTON BARTON PROCTOR
& POWELL LLP**
1901 Sixth Avenue North, Suite 2900
Birmingham, AL 35203
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

## CERTIFICATE OF SERVICE

      I hereby certify that on January 26, 2006, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Trina S. Williams, Esq.
Vicky U. Toles, Esq.
TOLES & WILLIAMS, LLP
1015 South McDonough Street
Montgomery, AL 36104

Charles A. Powell IV, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
SouthTrust Tower
420 20th Street North, Suite 1600
Birmingham, AL 35203


                                            s/Jennifer F. Swain
                                            COUNSEL