RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DORA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: 2:05cv1040-WKW |
| | ) |
| ALBANY INTERNATIONAL, | ) |
| JEFF JOHNSTON, | ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT JEFF JOHNSTON'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING BRIEF

Comes now Plaintiff, Dora Davis (Plaintiff or Davis) and submits this response to the motion for summary judgment submitted by Defendant Jeff Johnston (hereinafter Defendant or Johnston). The Defendant argues that summary judgment is warranted in this case because no genuine issues of material fact exist, and, therefore, it is entitled to judgment as a matter or law. The Plaintiff submits that, indeed, there exist genuine issues of material facts. Therefore, summary judgment is inapplicable in this instance. Defendant's motion for summary judgment should be denied, and this cause should set for a jury trial.

Attached in support of the Plaintiff's response are the following evidentiary submissions:

Exhibit A:   Affidavit of Vicky U. Toles

Exhibit B:   Deposition of Dora Davis

Exhibit C:   Order Dismissing Count II of State Court Complaint

## **SUMMARY OF FACTS**

It is the contention of the Plaintiff that she was treated differently than similarly situated white employees on several occasions, and this disparate treatment led to her termination. The evidence submitted by the Plaintiff unquestionably shows that the Plaintiff, an African American, has been disciplined more harshly and otherwise treated differently than her white counterparts. Moreover, the Defendant's treatment of Plaintiff in dealing with her terms, conditions, and other benefits of employment departs from its written polices.

Dora Davis worked for Albany International for twenty-four and one-half (24 ½) years. (Page 10 of Davis Depo Line 16). Jeff Johnston at all times relevant to this action acted in a supervisory role on behalf of Albany International. (Johnston Dec. p. 1). During her course of employment, Ms. Davis suffered numerous injuries as a result of her employment. The company paid for most injuries. Ms. Davis was prevented from filing for short-term and long term disability benefits because the injuries she received were work related. Ms. Davis was terminated on October 29, 2003 allegedly because of work related injuries. The workers compensation doctors provided by Albany International would continuously send Davis to therapy for further treatment although none would acknowledge that Ms. Davis had any injury. Even after several surgeries were performed by workers compensation doctors. Although the workers compensation doctors would not render her disabled or acknowledge that any injury existed, Ms. Davis was declared disabled by Social Security Administration in 2005. During the deposition and the Defendants questioning of Plaintiff regarding Davis' State Court Complaint, Davis

testified that the complaint had been filed on her behalf. (Davis 13, line 1-23, Davis 14, lines 1-11). Davis also testified that Count II of the State Court Complaint had been dismissed by her attorney. (Davis 389, lines 1-10, Exhibit C). Davis has filed an amended complaint against Albany International for violation of 42 USCA §1981, ERISA, FMLA, negligence, intentional infliction of emotional distress and assault and battery.

### A. Summary Judgment Standard

Summary Judgment is appropriate only when "there is no genuine issue as to any material fact and ....the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inference are to be drawn in his favor." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L. Ed.2d 202 (1986)).

The moving party has the burden of showing the absence of a genuine issue as to any material fact. Allen, 121 F.3d at 646 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). The basic issue before the court is "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Allen, 121 F.3d at 646 (citing Anderson, 477 U.S. at 251-252). However, "even in the absence of a factual dispute, a district court has

3

the power to 'deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.' "Lind v. United Parcel Service, Inc., 254 F.3d 1281, 1285 (11th Cir. 2001) (quoting Black v. J.I. Case Co., 22 F.3d 568, 572 (5th Cir. 1994).

Summary judgment should be granted with caution in employment discrimination cases which often turn on an employer's motivation and intent. Hudson v. Southern Ductile Casting Corp., 849 F.2d 1372, 1376 (11th Cir. 1988); Delgado v. Lockheed-Georgia Co., A Division of Lockheed, 815 F.2d 641 (11th Cir. 1987); Beard v. Annis, 730 F.2d 741 (11th Cir. 1984). Furthermore, the state of mind of the employer is a question of fact. United States Postal Service Board v. Aikens, 460 U.S. 711, 716-17, 103 S.Ct. 1478, 75 L. Ed.2d 403 (1983).

**ARGUMENT**

A. Fed.R.Civ.P. 56(f)

The Federal Rules of Civil Procedure allow courts to refuse application off judgment or order an continuance to permit discovery when a party cannot present facts essential to justify the party's opposition. Fed.R.Civ.P. 56(f); Brierfield v. Brierton, 883 F.2d 923, 931 (11th Cir. 1989); Wallace v. Brownell Pontiac-GMC Co., 703 F.2d 525, 527 (11th Cir. 1983). Rule 56(f) is "infused with a spirit of liberality." Wallace, 703 F.2d at 527. Before entering summary judgment, the court must "ensure that the parties have an adequate opportunity for discovery." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

To obtain relief under Rule 56(f), Plaintiffs must "specifically demonstrate how postponement of a ruling on the motion will enable [them], by discovery or other means,

4

to rebut the movant's showing of the absence of a genuine issue of fact." Wallace, 703 F.2d at 527. The Court may then either deny the motion without prejudice or order a continuance. Id., see also Shipes v. Hanover Ins. Co., 884 F.2d 1357, 1361 n.12 (11th Cir. 1989) (citing Mid-South Grizzlies v. National Football League, 720 F.2d 772, 779 (3d Cir. 1983), cert. Denied, 467 U.S.1215, 104 S. Ct. 2657, 81 L.Ed. 2d 364 (1984) ("Where Rule 56(f) affidavits have been filed...and the facts are in the possession of the moving party...[further] discovery should be granted almost as a matter of course.").

### Section 1981 Claim

At the summary judgment stage, the Plaintiff is merely required to present a prima *facie case* of discrimination. Indeed, there are several methods available to the Plaintiff to establish this *prima facie* case of racial discrimination. First, she may present direct evidence of that discriminatory intent. Second, she may present circumstantial evidence of discrimination by satisfying the analysis which is set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Finally, the employee may present a prima facie case by introducing statistical evidence of discrimination. *Walker v. NationalBank of Florida, N.S.*, 53 F.3d 1548, 1556 (11th Cir. 1995).

Under Title VII, it is unlawful "to discharge an individual, or otherwise to discriminate against any individual with respect to [his] compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C.A. § 2000e-2 (a)(1). Essentially, the Plaintiff alleges that her race was "a motivating" factor for Defendant's decision makers to discriminate against her on the basis of her race as envisioned in 42 U.S.C.A. § 2000e-2(m). Indeed, under the 1991 amendments to the Act, an unlawful employment practice is demonstrated when the complaining party

demonstrates that race is "a motivating factor" for any employment practice even when there are other factors motivating that employment practice. 42 U.S.C.A § 2000e-2(m).

Moreover, even if the employee only shows that race was a motivating factors, he has established liability and, therefore, may be entitled to some relief. Admittedly, under the 1991 amendments to this Act, if the employee proves a violation, and the employer demonstrates that it would have taken the same course of action in the absence of such impermissible motivating factor, the court can award no damages but can grant declaratory relief, injunctive relief, and attorney's fees, costs demonstrated to be 42 U.S.C.A. § 2000e-5(g) (2) (B). Consequently, the Plaintiff submits that under the 1991 amendments, she may be entitled to some relief if she can demonstrate race to be a motivating factor.

A court must, in assessing an employee's claim of discrimination, undertake a two-step process of fact-finding. First, it must determine if the employee has proved, by a preponderance of the evidence, that race was "a" motivating factor for the employer's employment decision, despite the fact that the Defendant's employment decision was also motivated by other factors.

Second, the court must determine if the employer has proved by a preponderance of the evidence that the same employment action would have been taken against the employee even if the impermissible factor were not present. *See Herawi v. State of Alabama Dept. of Forensic Science*, 311 F.Supp.2d, 1334 (M.D. Ala. 2004) (Thompson, J.); *see also Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003) (a plaintiff does not have to present direct evidence of discrimination to obtain the mixed-motive jury instruction. Rather, "a plaintiff need only present sufficient evidence for a reasonable

jury to conclude by a preponderance of the evidence" that race "was a motivating factor for any employment practice").

The Plaintiff alleges in her Complaint that Defendant discriminated against her because of her race, black (African American). Her claim of discrimination is evaluated under the analysis set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the framework of *McDonnell Douglas*, to establish a prima facie case of discrimination, Plaintiff is required to show that she is a member of a protected class, that she was qualified for the position at issue, that she suffered some adverse employment action, and some other evidence, which allows an inference of discrimination. *See Verizon South, Inc.*, 299 F.Supp.2d 1235, 1241 (M.D. Ala. 2003) (Thompson, Judge), citing *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248 (1981); *see also Maynard v. Board of Regents of Div. of University of Florida Dep't of Educ.*, F.3d 1281, 1289 (11th Cir. 2003).

In this instance, the Plaintiff has submitted evidence demonstrating she is an African American female; hence, she is a member of a protected class. Plaintiff's last job with Albany was as a nap seamer in which position she worked for 24 ½ years. Plaintiff was more than qualified for the position for which she was terminated. Client took pride in her job and worked while suffering pain from workers compensation injuries. Plaintiff was not treated like her counterparts. Plaintiff was not recalled or offered another position with Albany; therefore, she suffered an adverse employment action. Therefore Plaintiff was treated less favorably than a similarly situated individual outside of her protected class.

The Defendant states that the Plaintiff was not terminated but resigned. Plaintiff was not allowed to return to the plant; she was not offered another job; Defendant's plant manager threatened to telephone police; and she was not allowed to tell her side of the story. However, Plaintiff was treated differently than similarly situated individuals who had the same type injuries and was allowed to receive disability benefits and retired from the company. Additionally, she was allowed to talk to the plant and other upper management. Evidence that similarly situated employees are treated more favorably, is admissible evidence to support a disparate treatment claim. *Anderson v. SBMG-42*, 253 F.3d 561, 564 (11th Cir. 2001).

Moreover, the Defendant has never come forward with a valid non-discriminatory reason as to why it would treat Plaintiff differently from those similarly situated. The question must be asked then, "Why was the Plaintiff treated differently in this instance?" The answer is simple: Race was as least a motivating factor, which eventually led to the Defendant's decision to terminate the Plaintiff.

The Plaintiff has put forth sufficient evidence to state a prima facie case of discrimination. In establishing a prima facie case of discrimination, Plaintiff is only required to present some evidence to demonstrate that the decision of the Defendant was based on the discriminatory criterion. *See Int'l Brotherhood of Teamsters v. United States,* 432 U.S. 324, 358 (1977). Once the Plaintiff presents such evidence, a presumption of illegal discrimination is presented. If this *prima facie* case is presented, the Defendant is then required to produce a legitimate non-discriminatory reason for its employment decision. *Holifield v. Reno,* 115 F.3d 1555, 154 (11th Cir. 1997).

Assuming that there is no direct evidence of employment discrimination, the Plaintiff, nonetheless, has created a presumption of discriminatory intent by establishing a prima facie case of discrimination. *See McDonnell Douglas Corp v. Green*; *Chapman v. Al Transp.* 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). If the *prima facie* case of discrimination is established, it raises a *rebuttal presumption that the employer is liable for the proscribed practice.* *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981).

Establishing a prima facie merely requires the Plaintiff to establish "facts adequate to permit an inference of discrimination." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997). The law does not require that the standard to establish a *prima facie* be rigid or inflexible. *See e.g., Schoenfeld v. Babbitt*, 168 F.3d 1257, 1268 (11th Cir. 1999) ("...disparate treatment can be established by any proof of actions taken by the employer from which we infer discriminatory animus *because experience has proved that in the absence of any other explanation it is more likely than not that those action were bottomed on impermissible consideration.*") (citing *Hill v. Metro. Atlanta Rapid Trans. Authority*, 848 F.2d 1522 (11th Cir. 1988) (internal punctuation omitted) [Emphasis supplied].

At this juncture, the Defendant must articulate some legitimate, nondiscriminatory reason for terminating Plaintiff and not recalling her. *McDonnell Douglas*, 411 at 802. The Plaintiff has shown pretext for Defendant's discrimination by producing evidence that a similarly situated employee with Defendant, outside of the Plaintiff's protected group, received more favorable treatment than Plaintiff. E.g. *Avarado v. Board of Trustees*, 928 F.2d (4th Cir. 1991) (affirming the district court's finding that the

employer's articulated reason for not promoting the plaintiff was pretextual, where the plaintiff had performed satisfactorily and had more experience and seniority than the employee who was promoted). Unlike the Defendant's assertion in its brief, the Plaintiff has produced evidence of a prima facie case of discrimination. Only when a defendant articulates such a legitimate, non-discriminatory reason for the disparate treatment will the plaintiff be required to come forward with evidence showing that the articulated reason is pretextual.

In this instance, the Defendant does admit that Plaintiff was treated differently in the manner in which he was terminated. Although the Defendant attempts to talks about the reason it terminated Plaintiff, it fails to address the other discriminatory acts surrounding the Plaintiff's termination. The Defendant has not yet come forth with a non-discriminatory reason as to why other employees, similarly situated, was not terminated.

The Plaintiff has presented a prima facie case, the reasons advanced by the Defendant to support its discriminatory practices are not the real reasons for the adverse employment decision; therefore, they are pretextual. Plaintiff has presented evidence to cast sufficient doubt as to the Defendant's proffered reasons to permit a reasonable fact finder to conclude that Defendant's reasons were not the actual motivation in making its decision in regard to Davis' terms and conditions of employment with Defendant. *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 605 (11th Cir. 1994) [citation omitted]. When the Court views the evidence submitted, it can readily discern the same.

Defendant has not come forth with a valid reason for the disparate treatment. If, indeed, the articulated reason is pretextual, summary judgment in favor of the Defendant

is inappropriate. *See Reeves Sanderson Plumbing Prods.,* Inc. 530 U.S. 133, 148 (2000); *Chapman,* 229 F.3d at 1025, n.11.

The Defendant's proffered reasons for having taken the adverse employment action against the Plaintiff is a mere pretext for the disparate treatment of the Plaintiff. the Plaintiff has, nonetheless, offered evidence from which a fact finder could rationally conclude that the Defendant's stated reason is a pretext for discrimination.

Because it is virtually impossible to produce direct evidence of discrimination, a plaintiff must often prove discrimination indirectly by inference. *E.g., United States Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 716 (1983) (There will seldom be eyewitness' testimony as to the employer's mental processes) (internal punctuation omitted). To establish a discrimination claim by circumstance evidence utilizing the analysis set forth in *McDonnell Douglas Corp. v. Green,* the Plaintiff must, by the preponderance of the evidence, establish a *prima facie* case of discrimination. *Young v. General Foods Corp.,* 840 F.2d 825, 828 (11thir Cir. 1985), *cert. denied,* 488 U.S. 1004 (1989).

If the *prima facie* case of discrimination is established, it raises a *rebuttal presumption that the employer is liable for the proscribed practice. Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248 (1981). Establishing a *prima facie* merely requires the plaintiff to establish "facts adequate to permit an inference of discrimination." *Holifield v. Reno,* 115 F.3d 1555, 1562 (11th Cir. 1997).

The law does not require that the standard to establish a *prima facie* be rigid or inflexible. *See e.g., Schoenfeld v. Babbitt,* 168 F.3d 1257, 1268 (11th Cir. 1999) ("...disparate treatment can be established by any poof of actions taken by the employer

11

from which we infer discriminatory animus because experience has proved that in the absence of any other explanation it is more likely than not that those action were bottomed on impermissible consideration.") (citing *Hill v. Metro. Atlanta Rapid Trans. Authority*, 848 F.2d 1522 (11th Cir. 1988) (internal punctuation omitted).

Assuming that there is no direct evidence of employment discrimination, the plaintiff, nonetheless, has created a presumption of both discriminatory intent by establishing a *prima facie* case of discrimination. *See McDonnell Douglas Corp v. Green*; *Chapman v. Al Transp.* 229 F.3d 1012, 1024 (11th Cir. 2000)(en banc).

Only if the Defendant articulates such a legitimate, non-discriminatory reason for the disparate treatment will the plaintiff be required to come forward with evidence showing that the articulated reason is pretexual. If, indeed, the articulated reason is pretexual summary judgement in favor of the defendant is inappropriate. *See Reeves Sanderson Plumbing Prods.*, Inc. 530 U.S. 133, 148 (2000); *Chapman*, 229 F.3d at 1025, n.11. Except for the termination, the Defendant has not addressed any of the disparate treatment; rather, it argues that Plaintiff has not been treated differently. The evidence in this cause shows otherwise.

### Employment Retirement Income Security Act

The Defendants asserts that the Plaintiff has not stated a prima facie ERISA claims and therefore seeks summary judgment. Plaintiff disagrees with the Defendant's contention and has presented evidence sufficient to show a causal link between pension benefits and adverse employment decision. In fact, Plaintiff was terminated on October 29, 2003 which directly affected her benefits under the plan for pension, short – term disability and

long – term disability. Hence, she has stated a prima facie case and summary judgment on this issue should not be granted.

### Family and Medical Leave Act of 1993

The defendant is not entitled to judgment as a matter of law under the Family Medical Leave Act of 1993. Under the Family Medical Leave Act and employee is entitled to a total of a 12 workweeks of leave during any 12-month period because of a serious health condition that makes the employee unable to perform the functions of the position of such employee. (FMLA sec102(a)(d). Leave may also be taken intermittently or on a reduced leave schedule. (sec 102 (b) There was an agreement that she could take leave at a reduced rate given the fact that Ms. Davis worked off and on until her termination on October 29, 2003. This leave is to be taken when medically necessary. Indeed necessary Ms. Davis complained daily about the pain she felt.

- Q. Alright. Do you allege in this lawsuit that you were discharged because you sought FML? Not workers compensation issues but do you believe that you were terminated because you sought leave under the FMLA?
- A. I would say partly.
- Q. Okay. How?
- A. Because I was denied family leave. I asked for help—I asked for medical help. I told them that my injuries were hurting me and I was hurting every day, and it was proved, and I was denied.

(Davis 298, 11-23, Davis 299, 1-2).

Even in pain Davis continued to attempt to work for the defendants. The certification was provided from the company's workers compensation doctors.

13

Pursuant to section 105 of the FMLA, it is unlawful for any employer to interfere with, restrain, or deny the exercise of the attempt to exercise, any right provided under FMLA.

### Intentional Infliction of Emotional Distress

The Defendants contend that the claim of intentional infliction of emotional distress is due to be dismissed. The Plaintiff submits that the Plaintiff has submitted enough evidence that a reasonable trier of fact could return a verdict in her favor. Therefore, summary judgment is not appropriate.

In order to prevail on her claim, the Plaintiff is required to produce evidence indicating that the conduct complained of was (1) intentional or reckless; (2) extreme and outrageous; an (3) caused emotional distress so severe that no reasonable person could be expected to endure it. *Thomas v. BSE Indus. Contr's., Inc.*, 624 So.2d 1041, 1043 (Ala. 1993). If one considers the facts in the light most favorably to the Plaintiff, it is readily apparent that the Plaintiff has submitted sufficient evidence to establish a claim of outrage.

Johnston, as plant manager called Plaintiff into a room full of upper management personnel for Albany and yelled at her as if she were a child. (Davis 262, line 9-11) Johnston pushed his chair in an offensive and threatening manner, while hollering at Plaintiff, and then threatened to call the police on Plaintiff for no apparent reason. (Davis 254, line 12-23, Davis 262, line 9-11, 15-16). Davis was terminated on October 29, 2003. (Davis 142, line 12-15). Because of Johnston's actions, Plaintiff suffered emotional distress, requiring medical attention (Davis 359 line 23, Davis 360, line 1).

The Defendants, however, argue that the Plaintiff's allegations do not support a claim of intentional infliction of emotional distress. The do not dispute that Plaintiff has sought medical treatment for her emotional distress. Other than the Defendant's conclusory assertion that the Plaintiff's allegation do not support a claim of outrage, they have not, presented any evidence suggesting that the Plaintiff has not suffered emotional distress. Given the fact that Plaintiff has submitted evidence that fair minded persons could render a judgment for Plaintiff, the issue should be left for a jury

### Assault and Battery Claim

The Plaintiff alleged that the Defendants committed an assault and battery. However, the Plaintiff can not substantiate her claim and voluntarily dismisses the claim for assault and battery.

### CONCLUSION

The Defendant asserts that the Plaintiff has not presented direct evidence of racial discrimination and that the Defendant has come forward with legitimate, non-discriminatory reasons for its treatment of the Plaintiff. The Defendant has premised its entire argument for summary judgment on the basis that the Plaintiff's termination was based on her voluntary resignation and violation of certain policies of the Defendant. The Defendant, however, refuses to address the real crux of the Plaintiff's claims, i.e., that the Plaintiff was treated differently and disciplined harsher than similarly persons who had violated the Defendant's policies. Although the Defendant has attempted to come forward with what it considers to be non-discriminatory reasons for the disparate treatment of the Plaintiff, the Plaintiff has, nonetheless, offered evidence from which a

fact finder could rationally conclude that the Defendant's stated reason is a pretext for discrimination. Therefore, summary judgment is not appropriate.

Respectfully submitted,

_____
TRINA S. WILLIAMS (SAN 046)

_____
VICKY U. TOLES (UND 014)

Attorneys for the Plaintiff Dora Davis

OF COUNSEL:
TOLES & WILLIAMS, LLP
1015 S. McDonough Street
Montgomery, AL 36104
(334) 832-9915
(334) 832-9917 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a copy of the foregoing this the 19th day of July, 2006 to the following:

Charles A. Powell, IV
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
Wachovia Tower
420 20th Street North, Suite 1600
Birmingham, AL 35203

Lynlee Wells Palmer
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

_____
OF COUNSEL