**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| DORA DAVIS, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ALBANY INTERNATIONAL )<br>CORP.; JEFF JOHNSTON, )<br>)<br>  Defendants. ) | CIVIL ACTION NO.<br>2:05-CV-1040-WKW |

**DEFENDANT JEFF JOHNSTON'S REPLY BRIEF IN SUPPORT OF HIS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Davis' response brief does not establish any genuine issue of material fact and, thus, cannot defeat Johnston's fully supported motion for summary judgment.[1]

**I.     FEDERAL RULE OF CIVIL PROCEDURE 56(f)**

In the Argument section of her brief, Davis provides a two-paragraph description of <u>Fed. R. Civ. P.</u> 56(f). She has not, however, moved the Court for additional time to conduct discovery pursuant to <u>Fed. R. Civ. P.</u> 56(f), and nowhere in her brief does she seek such additional time. Johnston respectfully submits, therefore, that Davis is not entitled to additional time to conduct discovery before she responds to his summary judgment motion.

Providing Davis with additional time under <u>Fed. R. Civ. P.</u> 56(f) will not assist her in her attempt to avoid summary judgment. As further discussed in Johnston's principal brief and *infra*, there are no genuine issues of material fact, and Johnston is entitled to summary judgment as a matter of law.

---

[1] According to Section Two of the Uniform Scheduling Order entered on January 24, 2006, most of the "facts" that Davis presents should not be considered because they lack appropriate citation.

**II.   ARGUMENT**

    **A.   Summary Judgment Is Uncontested on Davis' Assault and Battery Claim**

In her response to Johnston's motion for summary judgment, Davis dismissed her assault and battery claim. See Plaintiff's Response at 15.

    **B.   Davis' Section 1981 Claim Is Due To Be Dismissed**

Although Davis spends a large portion of her response brief explaining the standard for a 42 U.S.C. Section 1981 claim, she wholly ignores the most significant facts regarding her race discrimination claim: (1) her own testimony reveals that she was not terminated because of her race; and (2) to the extent that she attempts to assert a disparate treatment claim with respect to events other than her termination, her allegations are either time-barred or do not constitute materially adverse employment actions.

Davis does not believe that she was terminated on the basis of her race, as evidenced by her deposition testimony:

> **Q.**   Do you believe you were discharged by Albany because you are black?
>
> **A.**   No.

(Davis 143, lines 11-14). Despite this irrefutable and unqualified testimony, Davis argues, without factual support, that she was terminated or otherwise not recalled on the basis of her race. See Plaintiff's Response at 7-8. Davis' termination claim, therefore, is due to be dismissed.

In her response brief, Davis repeatedly asserts that she was treated differently than her co-workers, yet she never identifies any co-worker who was allegedly treated more favorably, nor does she establish that any such individual was similarly situated to her and, thus, she has failed to state a *prima facie* case. See Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313,

2

1318-19 (11th Cir. 2003)(affirming summary judgment for employer where plaintiff could not identify a similarly situated comparator); see also Hendrix v. Snow, 170 Fed. Appx. 68, 78 (11th Cir. 2006)("Because [plaintiff] failed to identify in her amended complaint or her response to the [defendant's] summary judgment motion a comparator employee, much less explain why the employee was similarly situated, the court did not err in concluding that she failed to establish a prima facie case of disparate treatment."). Davis' mere assertion that there are individuals who were allegedly treated more favorably, without any description of who these individuals are or the circumstances surrounding their alleged treatment, cannot defeat a fully supported motion for summary judgment. See id. at 78. As the Eleventh Circuit recently noted, "[a] plaintiff does not shift the burden to the defendant under McDonnell Douglas merely by stating that he was fired or treated unfavorably. McDonnell Douglas requires the plaintiff to establish a prima facie case, which includes identifying an individual who replaced him or was treated better than he was who was not a member of the protected class . . .." Morris v. Emory Clinic, Inc., 402 F.3d 1076, 1082 (11th Cir. 2005). Davis' failure to identify a similarly situated comparator prevents her from establishing a *prima facie* case.

Even looking to Davis' deposition for possible instances of alleged disparate treatment, she still cannot state a *prima facie* case of race discrimination.[2] First and foremost, the majority of her allegations are time-barred. Because she has chosen to ignore this fact in her response, Johnston will not reiterate his argument here, but refers to his Brief in Support of His Motion for Summary Judgment. Second, even assuming that one of her allegations is not time-barred, it nevertheless does not constitute a materially adverse employment action and, therefore, precludes Davis from establishing a *prima facie* case.

---

[2] Notably, Davis excludes any examples of disparate treatment from her response.

3

Davis' exclusion of relevant evidence (specifically her own admission that her race did not play a part in her termination) and her failure to identify any similarly situated comparator are fatal to her Section 1981 claim.

### C. There Is No Genuine Issue of Material Fact With Respect to Davis' ERISA Claim

In her response, Davis contends that her alleged termination impacted her benefits for pension, short-term (STD), and long-term disability (LTD) benefits. See Plaintiff's Response at 12-13. Despite the contention in her brief that her alleged termination interfered with her receipt of STD and LTD benefits, Davis' counsel confirmed in writing to Johnston's counsel on June 21, 2006 that the only ERISA claim she is pursuing against Johnston is one for alleged interference with retirement benefits, as set forth in paragraphs 53-61 of the Amended Complaint. See E-mail string between Lynlee Wells Palmer and Trina S. Williams, attached hereto as *Exhibit A*. These paragraphs do not contain assertions about Davis' alleged denial of STD and LTD benefits, and such claims are not properly asserted against Johnston. Moreover, the undisputed evidence reveals that (1) Davis was not denied STD benefits when she missed work for at least three consecutive days; (2) she never applied for LTD benefits; and (3) Prudential, not Johnston or anyone at Albany, was responsible for making determinations as to Davis' eligibility for such benefits. (Davis 139, lines 15-22; 140, line 14; 141, lines 1-3; Ex. 7; Bryant Decl. ¶ 6).

As confirmed in *Exhibit A*, the only ERISA claim that Davis is pursuing against Johnston is an ERISA § 510 claim for alleged interference with her receipt of retirement benefits. Davis' ERISA claim against Johnston must fail, as she has not adduced any evidence of a causal link between her alleged termination and any potential entitlement to retirement benefits. Instead, she relies solely on her assertions that she was terminated and that she was entitled to receive benefits. The mere fact of termination (which is contested but assumed here for purposes of

4

summary judgment only) does not establish a *prima facie* case under ERISA § 510. See Clark v. Coats & Clark, 990 F.2d 1217, 1224 (11th Cir. 1993)("plaintiff . . . cannot establish a prima facie case merely by showing that, as a result of the termination, [s]he was deprived of the opportunity to accrue more benefits."). Because Davis presents nothing more than her "termination," her ERISA claim must fail.

Furthermore, Davis provides no response to the fact that she was not qualified for her job at the time of her alleged termination because the Social Security Administration deemed her disabled retroactively to a period *prior to* her alleged termination. (Davis 167, lines 17-23; Ex. 8). Accordingly, Johnston is entitled to judgment as a matter of law on Davis' ERISA claim.

**D.    Davis' FMLA Claim Fails**

Davis asserts that she was discharged in part because she allegedly sought leave under the FMLA, yet she ignores the fact that Johnston is not liable under the FMLA.[3] Davis testified that two other individuals, not Johnston, were responsible for FMLA leave requests, and she did not know whether Johnston ever participated in those decisions. (Davis 245, line 23; 246, lines 1-8; 296, lines 16-23; 297, lines 1-2). Because there is no evidence that Johnston participated in any decisions regarding the Plaintiff's alleged FMLA requests, he is not an "employer" under the FMLA and cannot be held liable. See Waters v. Baldwin County, 936 F.Supp. 860, 863 (S.D. Ala. 1996)(adopting rationale in Freemon v. Foley, 911 F.Supp 326 (N.D. Ill. 1995) and explaining that case's finding that "three supervisory defendants could be considered employers under the FMLA *if they had exercised some control over the plaintiff's ability to take protected leave*")(emphasis added).

---

[3] Johnston cannot deduce from Davis' submissions whether she is attempting to assert a claim for FMLA denial of leave. To the extent that she presents such a claim, Johnston relies on his principal brief, which addressed the alleged denial of leave at pages 18-20.

5

To establish a claim of retaliation under the FMLA, Davis must prove: (1) that she engaged in statutorily protected conduct; (2) that she suffered an adverse employment action; and (3) that the adverse action was causally related to the protected activity. See Parris v. Miami Herald Publ'g Co., 216 F.3d 1298, 1301 (11th Cir. 2000). Davis asserts that "Defendant" retaliated against her when it disciplined her for violations of the company's attendance policy and when it allegedly terminated her employment. (Amended Complaint ¶¶ 39, 44). She cannot establish liability against Johnston, however, because she cannot demonstrate either that Johnston participated in any alleged decision to retaliate against her for her purported use of FMLA leave or that her asserted adverse employment actions were in any way related to any FMLA leave request she may have made.

She cannot recall whether Johnston told her that she had been terminated. (Davis 144, lines 1-7; 148, lines 20-22; 228, lines 1-4). Her assertion that he made the decision to terminate her is based on nothing more than her own speculation. (Davis 150, lines 7-17). Because she is unable to link Johnston to her alleged termination, he is not liable under the FMLA.

Even if Davis demonstrates liability on the part of Johnston, she cannot establish a causal connection between her alleged assertion of rights under the FMLA and her purported termination. Davis took FMLA leave at the end of 2002 and again in January 2003. (Davis Ex. 9). By her own account, she was either "terminated" on August 21, 2003 or October 29, 2003. (Davis 150, lines 7-10; 228, lines 14-19). This time lapse of, at a minimum, seven months cannot demonstrate a causal connection. See Drago v. Jenne, No. 05-11276, 2006 U.S. App. LEXIS 16094, *16 (11th Cir. June 27, 2006)("in the absence of any other evidence of causation, a three and one-half month proximity between a protected activity and an adverse employment

6

action is insufficient to create a jury issue on causation")(citing Wascura v. City of Miami, 257 F.3d 1238, 1248 (11th Cir. 2001)(FMLA retaliation claim)).

Having failed to demonstrate any factual issues with respect to her FMLA claim, Davis cannot defeat Johnston's motion for summary judgment.

### E.    Davis' Intentional Infliction of Emotional Distress Claim Lacks Any Merit

In support of her intentional infliction of emotional distress claim, Davis presents in her response only the following allegations: (1) "Johnston, as plant manager, called Plaintiff into a room full of upper management personnel for Albany and yelled at her as if she were a child"; (2) "Johnston pushed his chair in an offensive and threatening manner, while hollering at Plaintiff, and then threatened to call the police on Plaintiff for no apparent reason"; and (3) "Davis was terminated on October 29, 2003." See Plaintiff's Response at 14. Although Davis has taken liberties with her factual descriptions that are not supported by her accompanying citations, Johnston will assume for purposes of this reply only that Davis' description is true.

Apparently recognizing that any other allegations are time-barred, Davis cites only alleged events that supposedly occurred during a meeting on October 29, 2003, the date of her "termination."  These allegations are a far cry from the "extreme and outrageous," "most egregious," or "utterly intolerable in a civilized society" allegations necessary to support a claim for intentional infliction of emotional distress under Alabama law.  See Nipper v. Variety Wholesalers, Inc., 638 So.2d 778, 779 (Ala. 1994)(quoting American Rd. Serv. Co. v. Inmon, 394 So.2d 361, 365 (Ala. 1980)); Thomas v. BSE Indus. Contractors, Inc., 624 So.2d 1041, 1044 (Ala. 1993); Jackson v. Alabama Power Co., 630 So.2d 439, 440 (Ala. 1990).  Additionally, an employer's discharge of an at-will employee like Davis does not rise to the level of intentional infliction of emotional distress.  See Harrell v. Reynolds Metals Co., 495 So.2d  1381, 1387

(Ala. 1986). Because Davis has not presented any genuine issue of material fact with respect to her outrage claim, Johnston is entitled to summary judgment as a matter of law.

### III. CONCLUSION

Davis has presented no evidence to create a triable issue of fact. Her own testimony defeats each of her claims and, thus, further discovery is unnecessary. Johnston is entitled to summary judgment as to all of Davis' claims against him, and respectfully requests that the Court so order.

/s John W. Sheffield
John W. Sheffield

/s Lynlee Wells Palmer
Lynlee Wells Palmer

Attorneys for Defendant Jeff Johnston

OF COUNSEL:

**JOHNSTON BARTON
PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 458-9400
(205) 458-9500 (facsimile)

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 26, 2006, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Trina S. Williams, Esq.
Vicky U. Toles, Esq.
TOLES & WILLIAMS, LLP
1015 South McDonough Street
Montgomery, AL 36104

Charles A. Powell IV, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
Wachovia Tower
420 20th Street North, Suite 1600
Birmingham, AL 35203


               /s Lynlee Wells Palmer
               OF COUNSEL