IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DORA DAVIS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 2:05cv01040-WKW |
| | ) |
| ALBANY INTERNATIONAL, | ) |
| JEFF JOHNSTON | ) |
|    Defendants. | ) |

### ALBANY'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Defendant Albany International Corp. ("Albany") hereby responds to Plaintiff's arguments in opposition to its Motion for Summary Judgment. [Doc. Nos. 37 and 38]. For the reasons set forth in its principal brief [Doc. No. 27], and in Jeff Johnston's Motion for Summary Judgment and Reply [Doc. Nos. 28 and 36], Plaintiff has failed to establish a genuine issue of material fact concerning any of her claims and summary judgment is due to be granted in favor of Albany and Johnston.

**A.**    **Plaintiff's Rule 56 (f) Affidavit**

Plaintiff submitted the Affidavit of Vicky U. Toles Pursuant to Rule 56 (f) of the Alabama Rules of Civil Procedure "in support of Plaintiff's response" to Defendants' Motions for Summary Judgment. [Doc. No. 37, p. 1 and Ex. A]  However, Plaintiff did not timely file this Affidavit with the Court on July 19, 2006, she did not file a motion under Federal Rule of Civil Procedure 56(f) seeking additional time to respond, and she does not make a single reference to this Affidavit in her briefs in opposition to Defendants' motions.  Even considering the Affidavit, however, it does not demonstrate

a need by Davis for additional time to marshal her evidence, nor would additional time permit her to create a genuine issue of material fact on any of her claims.

For example, Vicky Toles' representations in paragraphs 1-4 of her Affidavit are generally correct. [Davis Dep. II p. 423 l. 4-18; *see also* Exhibits 1-3 (attached hereto)]. Noticeably absent from Plaintiff's Rule 56 (f) Affidavit, however, is any representation of Davis' efforts to reschedule the depositions of Jeff Johnston or Ted Bryant between June 9, 2006 and July 19, 2006, the date on which she filed her response to Defendants' Motions for Summary Judgment. Plaintiff has made no such representations because she made no efforts between June 12, 2006, the date she declined to dismiss her claims [See Exhibit 2] and the date of the Parties court ordered settlement conference on July 12, 2006. On that date, Plaintiff's counsel indicated an interest in rescheduling the depositions of Messrs. Bryant and Johnston, but did not propose any dates, nor did Plaintiff express any concern about her ability to respond to the pending motions prior to completing these depositions. Accordingly, Plaintiff's failure to diligently pursue discovery in this action does not warrant the granting of additional time to take discovery under Rule 56 (f).

Plaintiff's Rule 56(f) Affidavit also claims a need to depose Glenda Missildine whom the Affidavit characterizes as "a similarly situated white worker who plaintiff feels was treated differently from herself by the company concerning workman compensation injuries, retirement benefits and short-term and long-term disability payments received." [Toles Aff. ¶8.c]. Noticeably absent from the list of examples of alleged disparate treatment is any assertion that Ms. Missildine was treated more favorably than Plaintiff because of her race. Relying on Plaintiff's deposition testimony, however, Albany

believes that any attempt to argue that Ms. Missildine was treated differently in any respect is incorrect. [Davis p. 265 l. 21 – p. 267 l. 23]. In fact, Plaintiff said just the opposite: "Q. So it's your belief that the company treated Ms. Missildine the same way it treated you? A. If not, close." [Davis Dep. p. 267 l. 14 – 17]. Relying on this testimony, it appears that Ms. Missildine is not the mystery comparator referenced throughout Plaintiff's brief.

Plaintiff's Rule 56(f) Affidavit is insufficient to delay these proceedings or to create a genuine issue of material fact concerning any of Plaintiff's claims.

**B.**     **Plaintiff's Statement of Facts**

On page 2 of her brief, Plaintiff offers a "Summary of Facts." In that Summary, however, Plaintiff intermittently complies with the Court's requirement in Section II of its Uniformed Scheduling Order [Doc. No. 14] that "the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document." Accordingly, the Court may disregard all such references in Plaintiff's Summary.

More importantly, no where in Plaintiff's Summary of Facts, nor anywhere else in her brief for that matter, does Plaintiff name a similarly situated coworker outside of her protected class who was treated differently. Although Plaintiff's brief relies heavily on this mystery comparator [Doc. No. 37, p. 7 ("Plaintiff was not treated like her counterparts."); p. 7 ("Therefore Plaintiff was treated less favorably than a similarly situated individual outside of her protected class."); p. 8 ("Plaintiff was treated differently than similarly situated individuals who had the same type injuries and was allowed to receive disability benefits and retired from the Company."); p. 8 ("Moreover the

Defendant has never come forward with a valid non-discriminatory reason as to why it would treat Plaintiff differently from those similarly situated."); p. 9 ("The Plaintiff has shown pretext for Defendant's discrimination by producing evidence that a similarly situated employee with Defendant outside of the Plaintiff's protected group, received more favorable treatment than Plaintiff."); p. 10 ("The Defendant has not yet come forth with a non-discriminatory reason as to why other employees, similarly situated was not terminated.")], Plaintiff does not name these alleged comparators, does not provide the Court any facts to establish that they are similarly situated to her, nor make any effort to explain the basis for these assertions.  In short, Plaintiff has presented no evidence as to the existence of any such comparator.

C.    <u>Claims Conceded by Plaintiff</u>

Albany's Motion for Summary Judgment raised statutes of limitations arguments concerning Plaintiff's § 1981 disparate treatment allegations and her state law claims against Albany accruing before October 28, 2003 (*i.e.*, all conduct prior to the final meeting on October 29, 2003).  Plaintiff's brief makes no reference to the statutes of limitation applicable to her claims or to any of Albany's arguments on this issue. Accordingly, Davis has conceded the statute of limitations arguments and Albany is entitled to summary judgment on this issue. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[T]he onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." (citation omitted)); *Lindsey v. Burlington Northern Santa Fe Railway Company*, 266 F. Supp. 2d 1338, 1343 (N.D. Ala. 2003) (holding sexual harassment claim asserted in complaint abandoned because plaintiff did not brief the

issue in opposition to motion for summary judgment), *aff'd*, 2004 U.S. App. Lexis 13142 (11th Cir. 2004).

Davis also now has expressly conceded her assault and battery claim. [Doc. Nos. 36 and 37, p. 15]. While Albany appreciates Plaintiff's admission that she cannot substantiate this claim, Albany made the following inquiry of Plaintiff on June 12, 2006: "Given our upcoming summary judgment deadline, please let us know if there are any claims you will voluntarily dismiss or whether we need to respond to all claims asserted in the Complaint." [Ex. 3]. Davis elected not to respond to this inquiry and instead put Defendants to the unnecessary effort of addressing this claim in their summary judgment submissions.

### D.     Defendants' Statements of Fact

Both Albany and Jeff Johnston supported their Motions for Summary Judgment with detailed Statements of Fact [Doc. No. 27 (Albany); Doc. No. 28 (Johnston)]. Because Plaintiff made no effort to dispute any of Defendants' facts in her summary judgment response, those facts are deemed admitted for purposes of summary judgment and they establish that summary judgment is due to be granted.

### E.     Plaintiff Cannot Establish a Violation of 42 U.S.C.A. §1981

Not only has Davis conceded that the statute of limitations bars virtually all of her Section 1981 claims, her seven (7) pages of argument in opposition to Albany's motion completely ignore two key facts fatal to her Section 1981 discharge claim: (1) her admission that she was **not** discharged because of her race [Davis Dep. p. 143 l. 11-14 (Q. Do you believe you were discharged by Albany because you are black? A. No)]; and

(2) her admission in her state court Complaint that the **sole** reason for her discharge was her pursuit of worker's compensation benefits. [Davis Dep. Ex. 1].[1]

Apparently recognizing that these admissions present insurmountable hurdles to her continued pursuit of this claim, Davis makes two arguments in her brief in an effort to avoid summary judgment on some aspect of her Section 1981 claim. First, she asserts that she is pursuing a mixed-motive theory and, therefore, summary judgment should be denied because her race might also have motivated Albany's discharge decision. Ignoring for the moment that the contemporaneous evidence refutes Davis' discharge contention [Davis Dep. Exs. 11-12; Bryant Dec. ¶ 11 and Ex. 2], she bases this theory on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(m). Davis, however, did not timely file an EEOC Charge, nor does her Amended Complaint assert a Title VII claim. Accordingly, this argument does not preclude summary judgment in Albany's favor.

Davis' remaining discussion is a recitation of the burden shifting model of proof in disparate treatment discrimination cases, and an assertion that she was treated differently than an unnamed, mystery comparator.[2] It is Plaintiff's burden, however, to come forward with actual evidence of a similarly situated employee who was treated differently under similar circumstances. *See Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1318-19 (11th Cir. 2003)(affirming summary judgment for employer where plaintiff could not identify a similarly situated comparator); *Hendrix v. Snow*, 170 Fed. Appx. 68, 78 (11th Cir. 2006)("Because [plaintiff] failed to identify in her amended

---

[1] It is Albany's belief that this assertion by Davis precludes all of her discharge claims in this case.
[2] Although Vicky Toles' Affidavit alleges without factual support that Glenda Missildine is similarly situated to Plaintiff in a number of respects and that Ms. Missildine was treated differently than Plaintiff, Ms. Toles' Affidavit does not allege race as an example of differential treatment. [Toles Aff. ¶ 8.c].

complaint or her response to the [defendant's] summary judgment motion a comparator employee, much less explain why the employee was similarly situated, the court did not err in concluding that she failed to establish a prima facie case of disparate treatment.").

In spite of Plaintiff's repeated statements in her brief that there exists a similarly situated comparator against whom she can compare herself, it is clear from her deposition testimony that there is no such comparator for the one, potentially timely allegation of disparate treatment race discrimination identified by Davis in her deposition (but not discussed by Davis in her brief). More particularly, the only arguably timely event is Davis' contention that Johnston prevented her from becoming a trainer on first shift. [Davis Dep. p. 115 l. 15 – p. 116 l. 6]. Davis, however, has no personal knowledge that Johnston prevented her from getting this position. [Davis Dep. p. 118 l. 15 – p. 120 l. 12; p. 121 l. 12-15]. In addition, the job was never posted, Davis did not apply, and no one ever filled the training job [Davis Dep. p. 120 l. 20 – p. 121 l. 11]. Finally, this position would not have changed Davis' pay or seniority. [Davis Dep. p. 120 l. 13-19]. In short, the record is devoid of any evidence that Albany had an available job for which Davis was qualified and applied, and was then rejected in favor of a white applicant. Summary judgment is due to be granted on all of Plaintiff's Section 1981 claims.

## F. **Plaintiff Cannot Establish A Violation Of The Family Medical Leave Act**

Although Davis' brief purports to respond to Albany's arguments concerning her FMLA claims, Plaintiff does not cite a single case, nor does she address in any way the numerous factual deficiencies in these claims: (1) her admission that the company never denied her FMLA leave when she was eligible [Davis Dep. p. 246 l. 19 – p. 247 l. 7]; (2) the 10 month delay between her last period of approved FMLA leave and her

alleged discharge [Davis Dep. p. 246 l. 19 – p. 247 l. 7];[3] (3) the absence of any facts linking her departure from Albany to the FMLA; and (4) her admission that the sole reason for her discharge was not her pursuit of FMLA benefits. [Davis Dep. Ex. 1].

Instead of offering any evidence in support of this claim, Plaintiff relies exclusively on her belief that she was discharged "partly" because she sought FMLA leave. [Doc. No. 37, p. 13].[4] "Belief, no matter how sincere, is not equivalent to knowledge." *Jameson v. Jameson*, 176 F. 2d 58, 60 (D.C. Cir. 1949). Because the record evidence establishes that Albany never denied Davis FMLA leave when eligible and in the absence of any facts linking her "discharge" to the FMLA, summary judgment is due to be granted on Plaintiff's FMLA claim.

### G.  Plaintiff Cannot Establish a Violation of ERISA

Davis' Amended Complaint asserts the following claims pursuant to ERISA: (1) that Davis was discharged to prevent her from receiving full retirement benefits [Amended Complaint ¶s 56-57]; and (2) that Albany has "failed and refused to pay the disability benefits as provided for in the plan for STD and LTD, the benefits presently being past due and unpaid." [Amended Complaint ¶ 64]. Davis, however, has not cited a single fact nor precedent in support of her continued pursuit of either claim. More importantly, she has made absolutely no effort to discuss, much less create a genuine issue of fact, concerning any of Albany's grounds for summary judgment on these claims. On the

---

[3] *See Drago v. Jenne*, 2006 U.S. App. LEXIS 16094, *16 (11th Cir. June 27, 2006)("in the absence of any other evidence of causation, a three and one-half month proximity between a protected activity and an adverse employment action is insufficient to create a jury issue on causation."(citing *Wascura v. City of Miami*, 257 F.3d 1238, 1248 (11th Cir. 2001)(FMLA retaliation claim)).

[4] Davis makes some additional factual representations on p. 13 of her brief, but they are not supported by any record citations as required by the court's order.

8

basis of the facts and evidence in its principal brief, summary judgment is due to be granted and these claims are due to be dismissed.

H.      **Plaintiff's State Law Claims Are Due To Be Dismissed**

Even though her tort claims are limited exclusively to the events of October 29, 2003, Davis continues to insist that Jeff Johnston's conduct on that date was sufficiently egregious to constitute outrage/intentional infliction of emotional distress under Alabama common law. As set forth in Jeff Johnston's Motion for Summary Judgment and Reply, the record evidence refutes Davis' intentional infliction claim. Because Plaintiff cannot establish the underlying tort claim against Johnston, there is no basis for imputing liability to Albany. See *Stevenson v. Precision Std., Inc.*, 762 So. 2d 820, 824-25 (Ala. 1999) (noting that action for negligent supervision or training is "predicated on the underlying tortious conduct of an employee" and, where plaintiff cannot prove such conduct, employer cannot be liable); *Big B, Inc. v. Cottingham*, 634 So. 2d 999, 1003 (Ala. 1993) (same); *Ott v. City of Mobile*, 169 F. Supp. 2d 1301, 1314 (S.D. Ala. 2001) ("For the employer to be liable under [respondeat superior], the employee must first be liable for a tort."). Because Davis' testimony eliminates any factual basis for her tort claim against Johnston, her negligence claim against Albany fails as a matter of law.

In her brief, however, Davis appears to base this claim on Jeff Johnston's alleged harassment of her. [Doc. No. 37, p. 14]. To the extent Davis is attempting to premise her negligence claim against Albany on any alleged racial harassment of her by Johnston, Johnston's alleged violation of a federal statute cannot support a common law negligence claim. See *Evans v. Mobile Infirmary Medical Center*, 2005 WL 1840235 (S.D. Ala. August 2, 2005)(quoting *Thrasher v. Ivan Leonard Chevrolet*, 195 F. Supp. 2d 1314, 1319 (N.D. Ala. 2002).

9

### III.

### CONCLUSION

In light of the foregoing, Defendant Albany International Corp. respectfully requests that this court enter summary judgment in its favor on all of Plaintiff's claims, and afford Defendants an opportunity to seek fees and costs prior ot the entry of a final judgment in this action.

Respectfully submitted,

s/ Charles A. Powell IV
Charles A. Powell IV
Attorney for Defendant

**OF COUNSEL:**
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ**
420 North 20th Street, Suite 1600
Birmingham, Alabama  35203-5202
(205) 244-3822 telephone
(205) 488-3822 facsimile

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on the following counsel of record via U.S. mail and electronic mail, on this 28th day of July, 2006.

Trina S. Williams
Vicky U. Toles
Toles & Williams, LLP
1015 South McDonough Street
Montgomery, Alabama 36104

Lynlee W. Palmer
John W. Sheffield
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama  35203-2618

s/ Charles A. Powell IV
OF COUNSEL